Argued and submitted July 24, conviction affirmed; remanded for resentencing November 27, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## JERRY THOMAS TAPP,
*Appellant.*

## (CF89-0934; CA A66430)

821 P2d 1098

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from the presumptive sentence imposed under the sentencing guidelines. ORS 137.010; OAR 253-04-001. He argues that the sentencing court erred in holding that his Washington conviction for assault in the second degree constituted a felony under current Oregon law for guideline purposes. We remand for resentencing.

Defendant does not challenge that his Washington conviction is part of his criminal history; he only challenges its classification as a felony. Under ORS 138.222(4)(b),[1] this court may review a challenge to a presumptive sentence on a claim that the sentencing court "erred in determining the appropriate classification" of a prior conviction. *State v. Munro*, 109 Or App 188, 818 P2d 971 (1991).

At the sentencing hearing, the state introduced a copy of the Washington "Judgment and Sentence" on a second degree assault conviction, a copy of a "Statement of Defendant on Plea of Guilty" and a copy of the "Information" that charged him with the assault under *former* RCW 9A.36.020(1)(c). Defendant presented testimony from his former wife about the circumstances of the Washington conviction: He had been drinking heavily and, after arming himself with a rifle, shot up the interior of a trailer; pointed the rifle at his wife, his wife's daughter and her boyfriend and asked which one wanted to die first; fired a dozen shots over the head of the daughter; and pointed the rifle at the daughter with his finger on the trigger. The sentencing court held that "there [had been] an Attempted Assault I," a felony under current Oregon law. ORS 163.185; ORS 161.405.

Even if defendant's evidence at the sentencing hearing might have been relevant to the court's consideration of what sentence to impose, it was not relevant to the classification of his Washington conviction. Under ORS 137.079(4)(b) and (c), the state's burden to prove criminal history for sentencing purposes is met by the presentence report, unless the defendant challenges the history. If he does, the state must prove any disputed part by a preponderance of the evidence. *See also* OAR 253-04-013. However, a defendant's

---

[1] The only appellate review of decisions relating to criminal history determinations is provided by ORS 138.222. ORS 137.079(4)(f).

challenge must be to "any error in the criminal history," ORS 137.079(4)(c), which "is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications * * *." OAR 253-04-006(2). An inquiry about criminal history is not an occasion to relitigate the facts underlying an out-of-state, or any, conviction.

OAR 253-04-011 provides that an out-of- state adult conviction "shall be used to classify the offender's criminal history if the *elements of the offense* would have constituted a felony or Class A misdemeanor under current Oregon law." (Emphasis supplied.) The only issue is whether the "elements" of the Washington crime correspond to the elements of an Oregon felony or Class A misdemeanor. Our review is limited to whether the trial court properly made that legal determination.

*Former* RCW 9A.36.020(1)(c) provided:

"Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

"* * * * *

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm[.]"

The statute required proof of a knowing assault upon another with an instrument likely to produce bodily harm. Intent to injure was not an element. *State v. Strand*, 20 Wash App 768, 779, 582 P2d 874, *rev den* 91 Wash 2d 1005 (1978).[2]

ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

---

[2] Washington has assimilated into criminal law the tort law rule that

"an assault is an attempt, with unlawful force, to inflict bodily injury upon another accompanied with the apparent present ability to give effect to the attempt if not prevented." *State v. Rush*, 14 Wash 2d 138, 139, 127 P2d 411 (1942); *see also State v. Strand, supra*, 20 Wash App at 780; *State v. Jimerson*, 27 Wash App 415, 417 n 2, 618 P2d 1027 (1980).

"(c)   Recklessly causes serious. physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

"(2)   Assault in the second degree is a Class B felony."

ORS 163.185 provides:

"(1)   A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon.

"(2)   Assault in the first degree is a Class A felony."

An attempt occurs when a person intentionally engages in conduct that constitutes a substantial step toward the commission of a crime. ORS 161.405(1). One cannot "attempt" a crime involving recklessness. *State v. Smith*, 21 Or App 270, 534 P2d 1180, *rev den* (1975).

■      The elements of assault in the first or second degree in Oregon require proof of intentionally or recklessly causing physical injury. Physical injury is not an element under *former* RCW 9A.36.020(1)(c), nor is intent to injure. Because proof of the crime on which the Washington conviction was based did not involve all of the elements of an Oregon assault felony, it was error to classify the Washington conviction as an attempted felonious assault under Oregon law.

The state argues that, even if the Washington offense would not have been an attempted assault in Oregon, defendant's conduct would have constituted a violation of ORS 166.220:

"Any person who attempts to use unlawfully against another, or who carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015, commits a Class C felony."

Defendant contends that his conduct could only have constituted either menacing, ORS 163.190, or recklessly endangering, ORS 163.195, which are misdemeanors. However, in the sentencing court, neither the state nor defendant raised whether or what other crimes might be considered under the terms of OAR 253-04-011. We decline to address those issues on appeal without the trial court having had an opportunity to consider them.

Conviction affirmed; remanded for resentencing.