Argued and submitted February 28, conviction affirmed; remanded for resentencing
April 8, 1992

STATE OF OREGON,
*Respondent,*

*v.*

JAMES EARL GOLDEN,
wtn Samuel Churchwell,
*Appellant.*

(C90-08-34622; CA A69513)

829 P2d 88

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of delivery of a controlled substance. ORS 475.992. The sentencing court found that he came within grid block 4 B in the sentencing guidelines. He appeals from that placement, arguing that the court erred in the classification of a previous out-of-state conviction for purposes of his criminal history.[1] We remand for resentencing.

In 1980, defendant was convicted in Pennsylvania of making a terroristic threat in violation of 18 Pa. C.S. § 2706:

> "A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience."

Oregon does not have the crime of "terroristic threat." The sentencing court concluded that the Pennsylvania provision is "about the same kind of charge" as the Oregon crime of menacing. ORS 163.190(1) provides:

> "A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."

The court held that defendant's actions in the Pennsylvania conviction "seemed to fit" within the Oregon crime.

Defendant argues that the court erred in concluding that the Pennsylvania offense was equivalent to menacing, because a person could commit the Pennsylvania offense without violating the Oregon statute. The state argues that nothing in the rules requires that an out-of-state crime match an Oregon statute identically.

OAR 253-04-011[2] requires that an out-of-state conviction shall be used in the criminal history if the *elements*

---

[1] We review under ORS 138.222(4)(b).

[2] OAR 253-04-011 provides:

"(1) An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law.

would constitute an Oregon felony or Class A misdemeanor. The difficulty is that the Pennsylvania statute can be violated in more than one way. Necessary elements of the crime of menacing include the attempt to place another person in fear of bodily injury. Placing a person in fear of bodily injury is an element in the Pennsylvania statute only when it is violated by "terrorizing" another by committing an act of violence that could cause injury.[3] However, it is also possible to commit the crime without placing another in fear by threatening to commit any crime of violence with the intent (1) to cause evacuation of a building or (2) otherwise to cause serious public inconvenience.

To prove that defendant's Pennsylvania conviction was an offense that would constitute the Oregon crime of menacing, the state relied on a statement by the writer of the presentence investigation (PSI).[4] Defendant argues that the court erred in considering specific conduct. He contends that, under OAR 253-04-011, the court must "examine the *elements* of the out-of-state conviction to determine what, if any, Oregon offense was *necessarily* committed" by defendant's conviction.

The state acknowledges that, in *State v. Tapp*, 110 Or App 1, 4, 821 P2d 1098 (1991), we said that

"[a]n inquiry about criminal history is not an occasion to

---

"(2) Out-of-state juvenile adjudications shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony under current Oregon law if committed by an adult."

[3] Crimes of violence are listed in 18 Pa. C.S § 6102, which is specifically applicable only to the Pennsylvania Uniform Firearms Act. 18 Pa. C.S. §§ 6101 *et seq*. A Pennsylvania court has concluded that the list provides a "useful guide" for the crimes intended by the legislature to be included in 18 Pa. C.S. § 2706. *Com. v. Ferrer*, 283 Pa Super 21, 24 n 3, 423 A2d 423 (1980). The list includes murder, rape, aggravated assault, robbery, burglary, entering a building with intent to commit a crime therein and kidnapping.

[4] The PSI stated:

"The defendant said he was in a store when a security guard told him to leave and grabbed the defendant. [Defendant] acknowledged telling the security guard that if he did not take his hands off the defendant, the defendant would 'whip his ass.' The defendant explained the security guard alleged the defendant remarked he had a knife. [Defendant] informed us that although he did have a knife he did not take it out. Police reports have been requested."

At the hearing, however, defendant disputed some of those statements.

relitigate the facts underlying an out-of-state, or any, conviction."

The state argues, nonetheless, that the trial court properly looked at defendant's conduct, because, if the drafters of the guidelines did not want courts to look at conduct, they could have said so. We reject that argument. Had the drafters intended conduct to be considered, they could have drafted a rule that was not limited only to consideration of the elements of an offense.

■■ The state also argues that the commentary to OAR 253-04-011(1) shows that conduct should be considered, because it states that "[a] prior conviction based on conduct which would not constitute a crime under current Oregon law may not be considered part of the offender's criminal history." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 57 (1989). The commentary does not have authoritative status. *State v. Moeller*, 105 Or App 434, 440 n 4, 806 P2d 130, *rev dismissed* 312 Or 76, 813 P2d 701 (1991). There is nothing in the rules or in ORS 137.079[5] that authorizes a sentencing court to determine facts involved in a prior conviction. OAR 253-04-011 clearly provides that an out-of-state conviction shall be included in the criminal history if the *elements* of the offense would constitute an Oregon crime. *See State v. Tapp, supra.*

■ The state has the burden of proving criminal history. ORS 137.079(4)(c); OAR 253-04-013. It chose to argue that defendant's conviction would constitute a conviction for menacing, a person conviction, OAR 253-03-001(15), which would aggravate defendant's criminal history. However, to establish the elements of the conviction, the state presented only a characterization in the PSI of the facts of the Pennsylvania case. That characterization could not prove which of the multiple and alternative elements of the Pennsylvania statute that defendant violated. Although the Pennsylvania accusatory instrument and the subsequent sentencing judgment could show the elements of defendant's Pennsylvania conviction, the state did not produce that evidence. The state failed to prove that the elements of the crime for which defendant

---

[5] ORS 137.079(4) governs challenges to a defendant's *criminal history*, which is the record of convictions of adult felony and Class A misdemeanor convictions and juvenile adjudications. OAR 253-04-006(2).

was convicted in Pennsylvania match the Oregon crime of menacing.

Conviction affirmed; remanded for resentencing.