On appellant's motion for reconsideration filed January 17, reconsideration allowed; opinion (128 Or App 52, 874 P2d 109) withdrawn; affirmed March 8, petition for review denied August 22, 1995 (321 Or 512)

# STATE OF OREGON,
### *Respondent,*

*v.*

# JAMES C. V. YARBOR,
### *Appellant.*

## (92-1146; CA A80550)

891 P2d 703

David Brian Williamson and Williamson & Williamson for motion.

Before Riggs, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of two counts of sexual abuse in the first degree after he pled guilty pursuant to negotiations. ORS 163.427. The agreement with the state did not include what sentence would be imposed. We held that defendant's appeal of the sentence imposed was not reviewable and affirmed. 128 Or App 52, 874 P2d 109 (1994). We allow defendant's motion for reconsideration, *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), withdraw our opinion and, on reconsideration, affirm.

In imposing sentence, the trial court classified defendant's 1974 Alaska conviction for "Lewd or Lascivious Acts Toward Children" as a "person felony" for purposes of defendant's criminal history score. OAR 253-03-001(14). As a result, defendant's criminal history score was "D" instead of "I." The court also found that defendant committed the two crimes in separate criminal episodes and imposed consecutive sentences. It imposed the maximum departure sentence of 56 months in prison on the first sexual abuse conviction, and, on the second conviction, imposed a 10-year probationary sentence to begin on defendant's release from custody but to expire on June 29, 2003.

■     At the outset, we note that defendant has not complied with ORAP 5.45(4):

> "Each assignment of error shall be clearly and concisely stated under a separate and appropriate heading, must be specific and must set out verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged."

Furthermore, ORAP 5.40(10) requires an opening brief to contain all matters necessary for decision, with references to the record.

Defendant's failure to comply with appellate rules has seriously impeded our review. The record of the sentencing hearing here is more than 300 pages of transcript and involved testimony from many witnesses. We will not search the record to ascertain whether the issues defendant assigns as error were raised and preserved in the trial court in a posture capable of review. ORAP 5.45(2), (3); *see State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993). Accordingly, we

address only the first and second assignments of error, the substance of which is evident from the appendix in defendant's brief, and the sixth assignment, because the references to the record for that assignment are contained in defendant's statement of facts.

■ Defendant assigns error to the court's imposition of consecutive sentences. ORS 137.123. He argues that there was no evidence that the crimes were not part of a continuous and uninterrupted course of conduct, thereby limiting the court's discretion to impose consecutive sentences. ORS 137.123(4). That argument is without merit. The indictment, to which defendant pled guilty, specifically alleged that each crime was "part of a separate act and transaction." Under ORS 137.123(2), the court had the discretion to impose consecutive sentences.

■ Defendant assigns error to the court's finding that his Alaska conviction was a "person felony." He argues that the Alaska statute, since repealed, contained the statutory element of the child's age as under 16 years.[1] He contends that, under current Oregon law, in the absence of allegations of force, familial relationship or actual sexual contact, the attempted rape of a child under 16 years of age is a misdemeanor. ORS 163.355; ORS 161.405(2)(d). Thus, defendant argues, the elements of the Alaska statute do not correspond to the elements of any Oregon felony, as required by *State v. Golden*, 112 Or App 302, 829 P2d 88 (1992), and *State v. Tapp*, 110 Or App 1, 821 P2d 1098 (1991).

The Alaska indictment alleged that defendant committed the crime

"by attempting to commit the act of sexual intercourse upon and with the body of [a girl], a child under 16 years of age, to-wit: 10 years of age, intending thereby to arouse, appeal to and gratify his lust, passions, and sexual desires and those of the child."

---

[1] The statute, AS 11.15.134, provided:

"A person who commits a lewd or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year."

In Oregon, an attempt to have sexual intercourse with a 10-year-old child is a class B felony. ORS 163.375(1)(b). The state argues that, to determine the classification of the conviction, the facts alleged in the indictment, as well as the statutory elements, should be considered.

In *State v. Tapp, supra*, 110 Or App at 4, we noted that an inquiry about criminal history does not authorize the sentencing court to relitigate the facts underlying any conviction and held that OAR 253-04-011(1) provides that an out-of-state conviction is to be included in the criminal history if the elements of the offense would constitute an Oregon offense. In *State v. Golden, supra*, the defendant had been convicted of "terroristic threat" under a Pennsylvania statute that provided a number of ways in which the statute could be violated. The state sought to prove that the conviction was the equivalent of the Oregon crime of menacing by presenting a characterization of the facts of the Pennsylvania offense that was in the presentence investigation report. We again noted that a sentencing court is not authorized to determine the facts involved in a prior conviction and held that the state's evidence did not prove which of the alternative elements of the statute defendant had violated. In so holding, we noted:

> "Although the Pennsylvania accusatory instrument and the subsequent sentencing judgment could show the elements of defendant's Pennsylvania conviction, the state did not produce that evidence." 112 Or App at 306.

In contrast, here the Alaska accusatory instrument was in evidence. It did not merely recite the statutory language that the child was under 16 years of age. The indictment specifically alleged the factual element that the state had elected to prove—that the victim was 10 years of age. Additionally, the Alaska judgment was in evidence. It states that defendant "has been convicted upon a court verdict of guilty of the offense of Lewd & Lascivious Acts Toward Children *as charged in the Indictment* * * *." (Emphasis supplied.) On this evidence, there were no facts that the sentencing court had to determine. We agree with the state that comparing the factual elements of the offense alleged in the indictment with Oregon statutes was not tantamount to relitigating the facts underlying the conviction. Defendant

has been convicted of a sexual offense involving a 10-year-old child that would constitute a felony in Oregon.

■　　　However, if it was error to consider the factual elements, that error was harmless. According to defendant, his criminal history score should have been "I" at the start of the sentencing hearing. If we agreed with defendant's argument, we would be required to remand both convictions for resentencing. ORS 138.222(5); *State v. Dvorak*, 124 Or App 578, 863 P2d 1314, (1993), *rev den* 318 Or 351 (1994). After defendant was sentenced, the Supreme Court decided *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), and *State v. Miller*, 317 Or 297, 855 P2d 563 (1993). Under those cases, the sentence for defendant's first conviction would enhance the criminal history score of his second. Thus, on remand, under *Bucholz* and *Miller*, and the finding that defendant committed the two crimes during separate criminal episodes, the sentencing court would be required to enhance defendant's criminal history score before sentencing for the second conviction. That would result in a history of at least "D." As the state observes, "The most [defendant could] obtain * * * is a remand for resentencing at which the sentencing court necessarily will have the authority to impose precisely the same sentence albeit in a slightly different manner." There is no error that would require a remand for resentencing. *See State v. Williams*, 133 Or App 191, 891 P2d 3 (1995).

■　　　Defendant also assigns error to the court's finding that he is a "sexually dangerous person." ORS 426.510 provides:

> "As used in ORS 426.510 to 426.680, unless the context otherwise requires, 'sexually dangerous person' means a person who because of repeated or compulsive acts of misconduct in sexual matters, or because of a mental disease or defect, is deemed likely to continue to perform such acts and be a danger to other persons."

Defendant's argument in support of his assignment is cursory. He contends that there was not sufficient evidence for the court to make the finding, because the state's expert did not testify that, at the time of sentencing, defendant was a "sexually dangerous person"; did not testify that defendant did not suffer from a mental disease or defect; and did not testify that defendant was compulsive. Defendant does not

demonstrate why that testimony is required. The statute is in the disjunctive "or" and authorizes a finding of sexually dangerous person on the basis of repeated acts. There was ample evidence of repeated acts to support the finding.

Reconsideration allowed; opinion withdrawn; affirmed.