Argued and submitted August 13, 1997, conviction affirmed; remanded for resentencing March 18, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## ERIC CHRISTOPHER PROVENCIO,
*Appellant.*

## (95CR-0490AB; CA A92125)

955 P2d 774

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Deits, Chief Judge,* and Landau, Judge.

* Deits, C. J., *vice* Leeson, J., resigned.

LANDAU, J.

### LANDAU, J.

Defendant appeals his conviction for robbery in the second degree, challenging the sentence that the trial court imposed. He argues that the trial court erred in using a previous California conviction to calculate his criminal history score and in imposing an excessive term of post-prison supervision. The state concedes that the court erred in imposing the term of post-prison supervision, but it argues that the trial court correctly relied on the California conviction in calculating defendant's criminal history score. We agree with defendant on both contentions and remand for resentencing.

Defendant was convicted of one count of robbery in the second degree. ORS 164.405. He has four prior person misdemeanor convictions, three of which he agrees properly were considered in the calculation of his criminal history score. The fourth is a California conviction for battery on an officer and emergency personnel. The California statute that defines that offense provides:

> "When a battery is committed against the person of a peace officer, custodial officer, firefighter, emergency medical technician, mobile intensive care paramedics, lifeguard, traffic officer, or animal control officer engaged in the performance of his or her duties, * * * and the person committing the offense knows or reasonably should know that the victim is a peace officer, custodial officer, firefighter, emergency medical technician, mobile intensive care paramedics, lifeguard, traffic officer, or animal control officer engaged in the performance of his or her duties, * * * the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment."

Cal Penal Code § 243(b). Thus, the California statute requires proof that (1) defendant committed battery; (2) against one of the persons listed in the statute; (3) while that person was engaged in the performance of his or her job duties; and (4) defendant knew or should have known that the victim was performing those job duties. The record below contains no information about the particulars of defendant's California conviction.

The state argued to the trial court that the California conviction properly could be considered in calculating defendant's criminal history score under OAR 213-04-011(1), which provides:

> "An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or a Class A misdemeanor under current Oregon law."

According to the state, the California conviction would have constituted the Class A misdemeanor of assault on a public safety officer, the elements of which are described by statute as follows:

> "A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer, corrections officer, youth corrections officer, parole and probation officer, emergency medical technician or firefighter, and while the other person is acting in the course of official duty."

ORS 163.208(1). The state argued that the elements are essentially identical to the California statute, requiring that (1) defendant caused physical injury; (2) to one of the persons listed in the statute; (3) while that person was engaged in the course of official duty; and (4) defendant acted knowingly or intentionally.

Defendant argued that the California crime is broader and more inclusive than the Oregon crime and that, under *State v. Golden*, 112 Or App 302, 829 P2d 88 (1992), the state was required to prove by a preponderance of the evidence that the facts supporting the California conviction would have supported a conviction under the Oregon statute. The trial court concluded that the California and Oregon statutes facially are "virtually identical."

On appeal, defendant argues that the trial court erred, because the two statutes are not identical and because the state failed to satisfy the evidentiary showing that *Golden* requires. The state argues that we need not address

defendant's contention, because, even if the California statute is not identical to the Oregon statute defining the elements of assaulting a public safety officer, it is identical to the elements of the Class A misdemeanor of assault in the fourth degree, which requires only that defendant "[i]ntentionally, knowingly or recklessly cause[ ] physical injury to another[.]" ORS 163.160. In any event, the state argues, the elements of the California statute and the Oregon statute defining the elements of assaulting a public safety officer are essentially identical.

We review the trial court's classification of prior convictions for criminal history purposes for errors of law. ORS 138.222(4)(b); *State v. Graves*, 150 Or App 437, 439, 947 P2d 209 (1997). In *Golden,* we reviewed a sentence similar to the one at issue in this case, and we find the analysis in that case instructive. The trial court in *Golden* considered the defendant's prior Pennsylvania conviction for making a "terroristic threat" in calculating the defendant's criminal history score. The court concluded that, although the Oregon criminal code does not include the crime of "terroristic threat," the elements of the Pennsylvania crime were "about the same kind of charge" as the Oregon crime of menacing. *Golden*, 112 Or App at 304. On appeal, the defendant argued that the elements of the Pennsylvania offense were broader and more inclusive than the Oregon crime. In other words, the Pennsylvania statute could be violated without necessarily violating the Oregon statute. Under the circumstances, we held, the Pennsylvania conviction could not be considered unless the state established through the accusatory instrument and the judgment of conviction that the Pennsylvania conviction "matched" the elements of the Oregon crime. Finding no such evidence in the record, we reversed and remanded for resentencing. *Id.* at 304-07.

In this case, as in *Golden,* the out-of-state statute is broader and more inclusive than the Oregon statute with which the trial court compared it. The California crime of battery upon an officer and emergency personnel broadly includes a "battery" against any of a list of nine public officials. The California statute defines "battery" to include "any willful and unlawful use of force or violence upon the person of another." Cal Penal Code § 242. The California courts have

construed that definition not to require proof of injury or bodily harm. *See, e.g., People v. Colantuono*, 865 P2d 704, 709 n 4 (Cal 1994) ("force against the person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark"). In contrast, the Oregon crime of assaulting a public safety officer requires physical injury to any of a list of six public officials, only three of which are the same as those listed in the California law. ORS 163.208.

Thus, as in *Golden*, a violation of the California statute does not necessarily constitute a violation of the Oregon statute. For example, defendant could have committed a battery that did not involve personal injury against an animal control officer. Although that conduct would constitute the California offense of battery upon an officer and emergency personnel, it could not constitute the Oregon offense of assaulting a public safety officer. As in *Golden*, therefore, it was incumbent on the state to demonstrate by way of the accusation instrument and the judgment that defendant's California conviction in fact matched the elements of the Oregon offense that it asserted to the trial court could be considered in calculating defendant's criminal history score.

The state's argument that defendant's California conviction finds its match in ORS 163.160 is unavailing. That argument was not made to the trial court. Assuming that the state can assert it for the first time on appeal, the argument poses the same problem: One of the elements of fourth-degree assault is that the defendant cause "physical injury" to another. ORS 163.160(1). No such physical injury is required under the California statute.

Conviction affirmed; remanded for resentencing.