Submitted July 2, reversed and remanded for entry of a judgment of conviction for fourth-degree assault and for resentencing July 29, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JUSTIN ROYCE HARRIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
071035065; A137688

213 P3d 859

Peter Gartlan, Chief Defender, and Rebecca A. Duncan, Assistant Chief Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

Defendant, while under the influence of intoxicants, stabbed the victim. He was charged with assault in the second degree, ORS 163.175(1)(b), and unlawful use of a weapon, ORS 166.220(1)(a). Defendant waived his right to a jury trial, and the case was tried to the court. The court found that defendant, because of his intoxication, did not intentionally or knowingly cause the victim injury; rather, the court found, defendant acted recklessly. The court then found defendant guilty of what it regarded as a lesser-included offense of third-degree assault, as well as unlawful use of a weapon.

Defendant objected to both convictions on legal grounds. As to the assault conviction, defendant contended that third-degree assault is not a lesser-included offense of second-degree assault charged under ORS 163.175(1)(b). As to the unlawful use of a weapon conviction, defendant argued that the court, having found that defendant acted recklessly, could not convict him of unlawful use, which requires proof of intentional conduct. The trial court rejected both arguments.

On appeal, defendant reprises his arguments as to both convictions. The state concedes that the trial court erred in finding defendant guilty of both charges. We agree that the court erred.

■ We begin with the assault conviction. In *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999), we said that an offense is a lesser-included of another if either "(1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter; or (2) the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser included offense." In this case, the trial court found defendant guilty of third-degree assault under ORS 163.165(1)(c), which requires proof that defendant acted under circumstances manifesting extreme indifference to the value of human life. Defendant, however, was charged with second-degree assault under ORS 163.175(1)(b), which includes no such requirement. Moreover, the facts alleged in the indictment do not include all of the elements of third-degree assault under

ORS 163.165(1)(c). Under the circumstances, the applicable lesser-included offense is *fourth*-degree assault under ORS 163.160(1)(a), which requires proof that defendant recklessly caused physical injury to another.

■ ■　　We turn to the unlawful use conviction. ORS 166.220(1)(a) provides, in part, that a person commits that offense when he or she "[a]ttempts to use unlawfully against another * * * any dangerous or deadly weapon." In this case, defendant was charged with violating that statute when he "unlawfully attempt[ed] to use, carry with intent to use and possess with intent to use unlawfully against [the victim], a knife." The trial court, however, found that defendant had acted recklessly. That mental state is inconsistent with the mental state required by the statute and the allegations of the indictment. *See, e.g., State v. Tapp*, 110 Or App 1, 5, 821 P2d 1098 (1991) ("One cannot 'attempt' a crime involving recklessness."). Accordingly, the court erred in convicting defendant for unlawful use of a weapon.

　　　　Reversed and remanded for entry of a judgment of conviction for fourth-degree assault and for resentencing.