Argued and submitted February 26, conviction affirmed; remanded for
resentencing June 12, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE TORRES,
*Appellant.*

## CR96-0081; A110729

48 P3d 170

Jay W. Frank filed the brief for appellant. With him on the briefs was Moule & Frank.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals from a judgment convicting him of assault in the second degree. ORS 163.175(1). He was sentenced to 90 months' imprisonment. He argues that the trial court erred in entering a conviction for second-degree assault under an indictment that did not charge that crime and that the trial court erred in imposing sentence. We affirm the conviction but remand for resentencing.

Defendant participated in a bar fight in Hermiston. During the fight, he drew a semiautomatic pistol from under his jacket and fired it several times, hitting the victim three times. As a result, the victim is paralyzed. Defendant fled from the scene. Later, he was arrested and charged with the crimes of attempted murder, ORS 163.115, and first-degree assault, ORS 163.185. The indictment alleges:

"COUNT 1   The defendant * * * did unlawfully and intentionally attempt to cause the death of another human being * * * by shooting [the victim] with a .38 caliber semi-automatic pistol, and during the commission of this felony, the defendant used a firearm, to-wit: a .38 caliber semi-automatic pistol.

"COUNT 2   Further, the defendant * * * did unlawfully and intentionally cause serious physical injury to [the victim] by means of a deadly weapon, to-wit: a .38 caliber semi-automatic pistol, by shooting [the victim] with said pistol, and during the commission of this felony, the defendant used a firearm, to-wit: a .38 caliber semi-automatic pistol[.]"

The charges were tried to the court without a jury. In closing argument, the following dialogue occurred:

"The Court:   [Defense counsel], believe me, I've read and reread the indictment but, while you're there, if this were a jury trial, I've been looking at the jury instructions, as you noted, among the things I would have probably considered is lesser-included instructions.

"Homicide goes from the worst you could commit, is obviously, aggravated murder, which is the death penalty and the least is criminally negligent homicide and then there's

homicide which isn't a crime. Did you want the court to consider the lesser-includeds?

"[Defense counsel]: I want the court to consider the lesser-included offenses. I want the court, though, to make specific findings about the elements of the charge because I argue to the court on the Attempted Murder case, on the first count."

Counsel for defendant and the state then continued a dialogue about the intent elements of the varying degrees of homicide. After argument, the court found defendant "not guilty" on the count of attempted murder and guilty on the other count of the lesser-included offense of second-degree assault. The matter was continued for sentencing.

Between trial and sentencing, defendant procured new counsel. At the sentencing hearing, defense counsel submitted a memorandum to the court and argued that the court should change its verdict from second-degree assault to third-degree assault. He argued that, under *State v. Cook*, 163 Or App 578, 989 P2d 474 (1999), second-degree assault is not a lesser-included offense of first-degree assault. The state responded that defendant was precluded from objecting because his previous counsel had specifically agreed to the court's consideration of lesser-included offenses and, alternatively, that the conviction for second-degree assault was proper under *State v. Moses*, 165 Or App 317, 997 P2d 251, *rev den* 331 Or 334 (2000). Ultimately, the court agreed with the state's arguments. In imposing sentence, the court noted that the presumptive guideline sentencing range was 41 to 45 months' incarceration and that there were multiple aggravating factors under OAR 213-008-0002(1)(b), including permanent injury to the victim, the use of a weapon, deliberate cruelty, an actual threat of violence, and a vulnerable victim. The court imposed an upward departure sentence of 90 months.

On appeal, defendant first challenges the court's entry of judgment for second-degree assault because, according to defendant, that crime was not charged in the indictment and it is not a lesser-included offense of first-degree assault. Initially, the state argues that defendant invited the trial court's consideration of second-degree assault as a lesser-included offense. However, we agree with defendant

that his counsel's statement, when read in the context of the colloquy with the court, had as its reference the attempted homicide count and not the assault count.

We turn to the merits of defendant's arguments. ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime."

Although the general rule is that "a court does not have jurisdiction to convict on a charge for which the defendant was not indicted," *Cook*, 163 Or App at 581, "jurisdiction does exist to enter a conviction for an offense not expressly charged if that offense is one that is lesser included within the offense charged in the indictment." *Id.*; *see also State v. Washington*, 273 Or 829, 835, 543 P2d 1058 (1975). Whether an offense is a lesser included of a charged crime depends on whether (1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter or (2) whether the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser-included offense. *State v. Moroney*, 289 Or 597, 600, 616 P2d 471 (1980); *see also State v. Guzman*, 140 Or App 347, 351, 914 P2d 1120 (1996).

ORS 163.185(1), describing the elements of first-degree assault, provides:

"A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

As to second-degree assault, ORS 163.175(1) provides:

"A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another;

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon;

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under

circumstances manifesting extreme indifference to the value of human life."

The elements of the two types of second-degree *intentional* assault, described by ORS 163.175(1)(a) and (b), are completely subsumed in the statutory elements of first-degree assault. On the other hand, the elements of second-degree *reckless* assault, committed in the manner described by ORS 163.175(1)(c), are not subsumed in the statutory definition of first-degree assault. There is no parallel in the first-degree assault statute for the second-degree reckless assault element of "circumstances manifesting an extreme indifference to the value of human life." Thus, a defendant may commit assault in the first degree without necessarily committing assault in the second degree under ORS 163.175(1)(c), as we held in *Cook*.

The trial court did not explain in this case whether it found defendant guilty under ORS 163.175(1)(a), (b), or (c). The state urges that it follows that defendant cannot show any reversible error, because it is possible that the trial court found defendant guilty of second-degree intentional assault under subsection (a) or (b). If his conviction was for second-degree intentional assault, the elements were subsumed in the first-degree assault charge. Alternatively, it relies on our holding in *Moses* for the proposition that "the issue is not whether the conduct alleged in the indictment, as a matter of law, constitutes the lesser-included offense, but instead whether the alleged conduct *could* constitute the lesser-included offense." (Emphasis added.) The state points to the language in the indictment asserting that defendant caused serious physical injury by means of a deadly weapon "by shooting [the victim] with said pistol" as an allegation that describes a reckless act "showing extreme indifference to the value of human life."[1]

---

[1] In contrast to the allegations in this case, the charging instrument in *Cook* alleged that defendants intentionally caused serious physical injury by means of a dangerous weapon, "*to wit*: shoes[.]" 163 Or App at 580. We rejected the argument that under those circumstances, the allegation necessarily implied that the injury was inflicted under circumstances manifesting extreme indifference to the value of human life. Whether such an implication will exist depends on the nature of the allegation.

In *Moses*, the question was whether the language "by firing shots into a van occupied by said victim," was an allegation of conduct that constituted the element of recklessly endangering another person under ORS 163.195.[2] We concluded:

> "The indictment * * * alleges conduct that constitutes the elements of recklessly endangering another person under ORS 163.195, *i.e.*, the firing of shots into a van loaded with occupants." *Moses*, 165 Or App at 323.

We explained, "the alleged conduct * * * could describe a reckless act by defendant that created a substantial risk of serious physical injury to the driver but did not injure him." *Id.* at 322. Under those facts, while not every instance of "firing * * * shots into a van loaded with occupants" will constitute recklessness, as distinguished from intentional conduct, we held the language of the indictment in that case sufficient to allege the crime of reckless endangerment. *Id.* at 323.

■      The language in the indictment in this case is similar. Specifically, the language "by shooting [the victim] with [a] pistol" is sufficient to allege that defendant "recklessly caus[ed] serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting an extreme indifference to the value of human life," as well as alleging that he intentionally assaulted the victim. The act of shooting another human being with a semiautomatic .38 caliber pistol could, in itself, demonstrate an indifference to the value of human life. Said differently, if the indictment had expressly alleged second-degree reckless assault, the language contained therein would have supported a conviction for that crime. Consequently, we conclude that the trial court did not err in entering a verdict for the lesser-included offense of second-degree assault because the facts alleged in the charging instrument include conduct that describes the elements of that offense regardless of which subsection of ORS 163.175(1) is applied.

---

[2] ORS 163.195 provides:

"A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

Defendant's other argument relates to the sentence imposed. He contends that "the trial court erred when it imposed an upward departure sentence of 90 months in prison," and he relies on the alleged errors of (1) using a Washington state conviction to enhance his sentence and (2) using five aggravating factors to double the sentence. As to the use of defendant's criminal history from Washington, defendant is correct that "the state has the burden of proving criminal history" by a preponderance of the evidence. ORS 137.079(5)(c); *State v. Golden*, 112 Or App 302, 306, 829 P2d 88 (1992). However, as the state points out, "the defendant's criminal history as set forth in the presentence report [can] satisfy the state's burden of proof as to the defendant's criminal history." ORS 137.079(5)(b). Defendant's presentence report in this case reflects the following:

> "10/29/93    VUCSA M/C    On 12/03/93, in Benton County
> 1F-N/P       Washington, case #931004471,
>              [defendant] was convicted.
>              Received 21 months prison."

If a defendant wishes to challenge any alleged "errors" in a presentence report, the defendant shall, "prior to the date of sentencing, * * * notify the district attorney and the court in writing of any error in the criminal history as set forth in the presentence report." ORS 137.079(5)(c). If such a challenge is made, "the court shall allow the state reasonable time to produce evidence to meet its burden." *Id.* In addition, "an out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law." OAR 213-004-0011.

Here, defendant made no written objection to the information contained in the presentence report. He did, however, challenge the presentence investigator's use of that information in calculating his criminal history score at the hearing, arguing that while it may have occurred, the conviction has no parallel to any Oregon crime. Defendant asserted to the trial court:

> "I would probably object to that Benton County, Washington, conviction. * * * [T]he state has the burden of showing that that crime is a felony that was recognized under

Oregon statute. I'm not sure what a VCVUCSAMD is in the State of Washington. It's showing that he received a 20-month prison sentence for it in 1993. I'm not sure if Oregon has a similar offense. It looks like it could be Violation Uniform Controlled Substance Act. I'd say maybe the MD is manufacturing slash delivery but I don't know so I can't tell and I'm not sure if that violation is similar to the Oregon statute or not. So I would probably object to that one as to his criminal history score and that would move him from a 9-F to a 9-G. So we would object to that, for the record."

The state argues that, "because defendant did not satisfy his duty to notify the district attorney and court in writing before sentencing, he waived any challenge to the criminal history documented in the PSI." We think the state's argument proves too much.

■ The plain language of ORS 137.079(5)(c) requires written notice of "any error in the criminal history as set forth in the presentence report." There are two important aspects of that language. First, the errors which must be addressed in writing are those "in the criminal history," which is treated as a subpart of the presentence report.[3] Second, the statute addresses only "errors." An "error" is "an act involving an unintentional deviation from truth or accuracy," "a mistake in perception, reasoning, recollection or expression," "an act that through ignorance, deficiency, or accident departs from or fails to achieve what should be done," "a mistake in the proceeding of a court of record in matters of law or of fact," a "falsehood," "something produced by mistake," or a "defect." *Webster's Third New Int'l Dictionary*, 772 (unabridged ed 1993). The context of ORS 137.079(5)(c) also shows that the kinds of errors to which the statute is addressed are those which "the court [can] correct *in the criminal history.*" ORS 137.079(5)(d). In other words, if a defendant wishes to challenge factual assertions under ORS 137.079(5)(d), the statute requires written notice. However,

---

[3] ORS 137.530(1) provides that a presentence report shall contain the circumstances of the offense, criminal record, social history and present condition and environment of the defendant and that it should also contain, when possible, a statement from the victim describing the effect of the offense on the victim. Whenever desirable, the investigation and report should also include physical and mental examinations of the defendant.

that is not the nature of defendant's challenge in this case. There was no "error" in the report of defendant's criminal history. Rather, defendant's argument focuses on the legal consequence of an accurate report of his history. It follows that the written notice requirement of ORS 137.079(5)(c) is inapplicable to the issue that defendant raises.

The state presents no argument on appeal that the record contains sufficient evidence to meet its burden under OAR 213-004-0011. The record does not contain copies of the Washington state indictment for the 1993 crime, or the judgment of conviction, nor does it provide any additional information about the essential elements of that crime. We conclude therefore that the state did not carry its burden of proving by a preponderance of the evidence that the Washington conviction has a counterpart in Oregon. *See State v. Provencio,* 153 Or App 90, 95, 955 P2d 744 (1998) ("[I]t was incumbent on the state to demonstrate by way of the accusation instrument and the judgment that defendant's [out-of-state] conviction in fact matched the elements of the Oregon offense[.]") Because defendant's sentence is based, in part, on a classification that results from the Washington conviction, we remand for resentencing.

■     Defendant also raises a challenge to the trial court's reliance on the "use of a weapon" factor because defendant was convicted of second-degree assault with a firearm. Because the conviction includes as an element the use of a weapon, that factor cannot operate as an enhancement factor. *See* OAR 213-008-0002(2), (3). The state concedes error in that regard. On remand, the trial court, for purposes of resentencing, is not to use that factor for purposes of any enhancement of the sentence. We express no opinion on the court's reliance on the other four aggravating factors because the sentence on remand may or may not be based on those factors.

Conviction affirmed; remanded for resentencing.