On respondent's petition for reconsideration filed September 4, and petitioner's response to petition for reconsideration filed October 4, respondent's petition for reconsideration allowed; opinion (182 Or App 156, 48 P3d 170 (2002)) adhered to October 30, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE TORRES,
*Appellant.*

## CR96-0081; A110729

59 P3d 47

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Doug M. Petrina, Assistant Attorney General, for petition.

Carla M. French, and Ferder, Casebeer & French, LLP., *contra.*

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

The state petitions for reconsideration of our decision in *State v. Torres*, 182 Or App 156, 48 P3d 170 (2002), in which we affirmed defendant's conviction for assault in the second degree and remanded for resentencing. We grant reconsideration but reject the state's argument and adhere to our original disposition.

Defendant was convicted of second-degree assault and sentenced to 90 months in prison. In our original opinion, we remanded the case for resentencing, holding that the use of defendant's Washington state conviction to enhance his sentence was inappropriate because the state had not carried its burden of showing by a preponderance of the evidence that the Washington conviction had an Oregon counterpart. *Torres*, 182 Or App at 165. In so holding, we concluded that, although defendant did not "notify the district attorney and the court in writing of any error in the criminal history as set forth in the sentencing report," *id.* at 163, he had not waived his right to challenge the use of the Washington conviction in the calculation of his criminal history score, *id.* at 164-65. We determined that, although written notice is required before a defendant may challenge any factual assertions in the criminal history report, no such notice is required if a defendant challenges only the "legal consequence of an accurate report of his history." *Id.* at 165.

In its petition for reconsideration, the state argues that we erred in holding that defendant was not required to give written notice of his challenge to the use of the Washington conviction. In support of its position, it asserts that (1) based on the text and context of ORS 137.079(5)(c), the state must be notified by a defendant of any error in his or her criminal history; (2) the term "criminal history" as used in that subsection is a term of art that includes the computation of the criminal history score and any conviction used in the computation of that score; and (3) our holding will impede the resolution of criminal history disputes because the state will not be aware of challenges like the one at issue in this case until they are raised at sentencing.

As to the third argument, the state can prove that a defendant's conviction in another state has an Oregon counterpart simply by looking at the elements that comprise that crime under the code of the other state and comparing it to an Oregon statute that contains the same elements. Moreover, unless the state is correct about the meaning of the term "criminal history" in the statute, the state would have us add words to the statute that do not appear in the text, contrary to ORS 174.010.[1] In sum, the state's policy argument is more appropriately addressed to the legislature.

We turn then to the state's argument that the term "criminal history" encompasses the computation of the criminal history score in the presentence report. If the term refers to a defendant's past contacts with the criminal justice system, the contents of a defendant's criminal history would not include the computation of the criminal history score, and no written notice would be required under ORS 137.079(5)(c) if a defendant wished to challenge the score. However, if the term includes the computation of the criminal history score, then errors in the computation of that score, including the erroneous use of a past conviction, would be among the kinds of errors that require notice to the state.

As the state notes in its petition, the term "criminal history" is not defined in the statute. To determine the meaning of "criminal history" as used in ORS 137.079(5)(c), we use the template set forth by the Supreme Court in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). First we examine the text and context of the statutory section at issue.

ORS 137.079(5)(c) provides, in its entirety:

"Prior to the date of sentencing, the defendant shall notify the district attorney and the court in writing of any error in the criminal history as set forth in the presentence report. Except to the extent that any disputed portion is later changed by agreement of the district attorney and defendant with the approval of the court, the state shall

---

[1] ORS 174.010 provides, in relevant part, that the office of a judge in the construction of a statute is to "declare what is, in terms or in substance, contained therein, not to insert what has been omitted[.]"

have the burden of proving by a preponderance of the evidence any disputed part of the defendant's criminal history. The court shall allow the state reasonable time to produce evidence to meet its burden."

In its ordinary sense, "criminal history" generally refers to an individual's record of criminal conduct. *See, e.g., State v. Ford*, 310 Or 623, 639, 801 P2d 754 (1990); *Frederiksen v. Ostermeier*, 162 Or App 430, 436, 986 P2d 1194 (1999). That understanding is consistent with the dictionary definition of the word "history"; that word is defined as "a systematic written account comprising a chronological record of events." *Webster's Third New Int'l Dictionary* 1073-74 (unabridged ed 1993). In light of that definition, the ordinary meaning of the term "criminal history" is a systematic record of an individual's past contacts with the criminal justice system.

Nonetheless, the state argues that the context of ORS 137.079(5)(c) indicates that the term "criminal history," as used in that subsection, includes the calculation of a defendant's criminal history score because the statutory section at issue is part of the larger scheme of sentencing guidelines. It explains,

"A defendant's 'criminal history' is * * * the aggregate of his adult felony and Class A misdemeanor convictions and juvenile adjudications that count in the calculation of his criminal history score. * * * [I]f a conviction is part of a defendant's criminal history then it necessarily counts in the calculation of his criminal history score. Conversely, if a conviction does not qualify to be a part of his 'criminal history,' then it cannot be used to calculate his criminal history score. As a result, an error in using a conviction to calculate a defendant's criminal history score constitutes an 'error in the criminal history' within the meaning of ORS 137.079(5)(c)."

Moreover, we note that the context of ORS 137.079(5)(c) includes ORS 137.079(4). Subsection (4) states:

"A defendant who is being sentenced for felonies committed prior to November 1, 1989, may file a written motion to correct the criminal history contained in the presentence report prior to the date of sentencing. At sentencing, the

court shall consider defendant's motion to correct the pre-sentence report and shall correct any *factual errors* in the criminal history contained in that report."

(Emphasis added.) Subsection (4) refers to "factual errors" in the "criminal history." Subsection (5) refers to "any error in the criminal history." One implication of the difference in language between the two subsections is that a "criminal history" could include errors other than in the recital of a defendant's past contacts with the criminal justice system. In light of the text and context of ORS 137.079(5)(c), we cannot say that the definition of "criminal history" is clear. We accordingly turn to the statute's legislative history in an attempt to ascertain the legislature's intent. *PGE*, 317 Or at 611-12.

In 1989, the Criminal Justice Council (now the Criminal Justice Commission) redrafted ORS 138.079, among other statutory sections, as part of its sentencing guidelines project. A representative of that organization discussed the draft section-by-section with the Senate Judiciary Committee. Referring to an earlier section of the proposed bill that amended ORS 135.815, he explained that the section

"requires that a summary of the defendant's criminal record would be part of the information that the state is required to provide to the defendant. Because criminal history will now play a more important role in the sentencing decision it was determined that this information should be provided to the defendant to allow him or her to make that part of his case when sentencing comes, if it comes to that."

Tape Recording, Senate Judiciary Committee, SB 1073, Apr 3, 1989, Tape 90, Side A (statement of Bob Durston).[2] It appears from the overall discussion that the phrase "summary of the defendant's criminal record" was used interchangeably by the witness with "criminal history." We have found no indication in the legislative record that the words "criminal history" were given any special meaning by the

---

[2] House Bill (HB) 2250 (1989), which amended, among other things, ORS 137.079 (1989), was "gutted" of its original language and "stuffed" with the text of Senate Bill (SB) 1073 (1989). Therefore, the legislative history for SB 1073 is also legislative history for the version of HB 2250 that was enacted and codified. Minutes, Senate Judiciary Committee, June 29, 1989, 1, 3; Tape Recording, Senate Judiciary Committee, HB 2250, June 29, 1989, Tape 255, Side A (statement of Sen Joyce Cohen).

council or the Judiciary Committee beyond their ordinary import.

That conclusion is further supported by the explanation on behalf of the council about the section of the proposed bill that amended ORS 137.079:

"It * * * is an important section in that it provides that the criminal history summary that's included in the PSI will serve as prima facie evidence of the defendant's criminal history. In other words, if the defendant remains silent or agrees to the criminal history summary, that will be the summary or the record that the court uses to classify the offender on the criminal history grid. If the defendant, however, raises objections to the content of that summary, the state would have the burden of proof at a standard of preponderance of the evidence to prove the exact nature of the offender's criminal history."

Tape Recording, Senate Judiciary Committee, SB 1073, Apr 3, 1989, Tape 91, Side A (statement of Bob Durston). Notably, the testimony distinguishes between a summary of a defendant's criminal record and the use of that summary by the court "to classify the offender on the criminal history grid."

We turn to the legislative history underlying ORS 137.079(4). Initially, subsection (4) was deleted from the proposed changes. C-Engrossed Bill, Senate Judiciary Committee, SB 1073, June 29, 1989, Ex B (hand-engrossed version of SB 1073, which was discussed on that date as HB 2250). The amendments to the bill considered on that date, among them the inclusion of subsection (4), were considered technical in nature and the committee clarified that they embodied "no policy changes." Tape Recording, Senate Judiciary Committee, HB 2250, June 29, 1989, Tape 255, Side A (statement of Sen Joyce Cohen).

Subsequently, in the committee meeting, the inclusion of subsection (4) was discussed specifically:

"[The] clarification is minimal. It's only to indicate that subsection four of the bill will apply to offenders who are sentenced under the current indeterminate sentencing system, but the new subsection five would be applicable to

those offenders who are sentenced under the guideline system."

Tape Recording, Senate Judiciary Committee, HB 2250, June 29, 1989, Tape 255, Side A (statement of Bob Durston). In other words, there is nothing in the legislative history to support the conclusion that the reference to "factual errors" in subsection (4) was intended to indicate that the notice required in subsection (5) includes notice of a disagreement with the calculation of the criminal history score in the presentence investigation report.

In sum, and contrary to the state's assertion, the term "criminal history" throughout the legislative history is used in its ordinary sense; we find no indication that the legislature intended the term, as used in the statute, to be a term of art that would include the calculation of a defendant's criminal history score. We conclude that the term "criminal history" in ORS 137.079(5)(c) refers to a list of a defendant's prior contacts with the criminal justice system. Thus, the statute requires a defendant to provide notice of factual errors about his or her prior contact with the criminal justice system but says nothing about providing notice of intent to dispute the calculation of the criminal history score at the time of sentencing.

Respondent's petition for reconsideration allowed; opinion adhered to.