No. 52            January 29, 2025                535

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. K. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

G. K. S.,
*Appellant.*

Clackamas County Circuit Court
21JU02171; A177504

Colleen F. Gilmartin, Judge.

Argued and submitted November 20, 2023.

Erica Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed.

**POWERS, J.**

In this juvenile delinquency proceeding, youth appeals from a judgment asserting delinquency jurisdiction over him for committing an act that, if committed by an adult, would constitute assault in the fourth degree. Youth and his friend, R, were involved in an after-school altercation in which T, another youth, was punched in the face, knocking him unconscious. The state petitioned the juvenile court to assert delinquency jurisdiction over youth for committing an act that, if done by an adult, would constitute assault in the third degree. Ultimately, however, the court asserted jurisdiction based on fourth-degree assault on an aiding and abetting theory. Although youth advances three assignments of error, we focus solely on the first assignment, which challenges the court's denial of his motion to dismiss the petition.[1] On appeal, the state concedes that there is insufficient evidence in the record that youth "caused" physical injury, which is required for third-degree assault. We accept the state's concession and conclude that the juvenile court erred in denying youth's motion to dismiss the third-degree assault charge. Further, we reject the state's invitation to affirm the judgment given the record in this case. Accordingly, we reverse.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. J. C. L.*, 261 Or App 692, 700, 325 P3d 740 (2014).

The delinquency petition was based on an incident in which a group of friends, including youth and R, were hanging out in a forested area near a trail after school and were bullying T. Youth and T had a brief physical altercation that is not the basis for the charges. Toward the end

---

[1] Before the juvenile court and on appeal, both youth and the state referred to youth's motion as a motion for judgment of acquittal. As we have previously explained, however, the proper mechanism for challenging the sufficiency of the evidence in a juvenile delinquency proceeding is a motion to dismiss, not a motion for judgment of acquittal. *See, e.g., State v. J. D. B.*, 326 Or App 237, 239 n 1, 532 P3d 99 (2023). As in *J. D. B.* and in other cases, we treat the motion for judgment of acquittal as a motion to dismiss. *See id.*

of the interaction, T started running away, and youth and R chased T. Youth stopped pursuing T, and R caught up to T, who tripped and fell to the ground. While T was on the ground, R punched T in the face with his fist, causing injuries. Before youth's hearing, R admitted to engaging in conduct that, if committed by an adult, would constitute fourth-degree assault.

In the delinquency petition, the state alleged that youth committed acts that, if done by an adult, would constitute third-degree assault under ORS 163.165(1)(e).[2] The petition included the allegation that youth "did unlawfully and intentionally and knowingly, while being aided by another person actually present, cause physical injury to [T]." During the delinquency trial, the state explained in its opening statement that it was pursuing a theory that youth was responsible for third-degree assault "for being actually present and aiding in the physical injury" to T.

After the state rested, youth challenged the sufficiency of the evidence by motion, which we construe as a motion to dismiss the petition. *See State v. J. D. B.*, 326 Or App 237, 239 n 1, 532 P3d 99 (2023). Youth argued that the charge in the petition required youth to have caused T's injury and that there was insufficient evidence in the record that youth caused the injury to T. The state responded that its theory was that youth had "aided" R, who caused the injury, while youth was "actually present." The prosecutor urged the court to deny the motion because youth "did aid and abet in the cause of the physical injury to" T. Ultimately, the court denied youth's motion.

Youth then called his own witnesses. At the close of youth's evidence, the state acknowledged that it made a misstatement about the law regarding the requirements of ORS

---

[2] ORS 163.165 has been amended since the underlying conduct at issue in this case. Or Laws 2021, ch 489, § 11. Because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion. ORS 163.165 provides, in part:

"(1) A person commits the crime of assault in the third degree if the person:

"*****

"(e) While being aided by another person actually present, intentionally or knowingly causes physical injury to another[.]"

163.165(1)(e). The state explained that third-degree assault "does require a finding of causation of physical injury." The state then asked the court to consider the lesser-included offense of assault in the fourth degree, ORS 163.160, under an aid and abet theory.[3] Ultimately, the court concluded that youth "was engaging in an aid and abet posture and should be held responsible for" fourth-degree assault and entered a judgment of disposition finding youth within the court's jurisdiction. This timely appeal follows.

On appeal, youth argues that the juvenile court erred in denying his motion because, as he argued in support of his motion, the allegation in the petition required youth to have caused T's injury—not just that youth was present and aided someone who caused the injury—and the state failed to adduce legally sufficient evidence to prove that allegation. The state concedes that it initially proceeded with a misunderstanding of the requirements of third-degree assault under ORS 163.165(1)(e). The state explains that it acknowledged its misunderstanding before the juvenile court and does not dispute on appeal that the evidence is insufficient to prove that youth did what was alleged in the petition. *See State v. Pine*, 336 Or 194, 207, 82 P3d 130 (2003) (concluding that, to be liable for third-degree assault under ORS 163.165(1)(e), a person "either must have inflicted physical injury directly [himself, herself, or themselves], or must have engaged in conduct so extensively intertwined with

---

[3] ORS 163.160 has been amended since the underlying conduct at issue in this case. Or Laws 2021, ch 581, § 1. Because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion. ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

With respect to accomplice liability, ORS 161.155 provides, in part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]"

infliction of the injury that such conduct can be found to have produced the injury"). Because the evidence demonstrates that R is the person who caused physical injury to T by punching him and that youth had stopped his pursuit of T before the injury occurred, we accept the state's concession that there is insufficient evidence in the record that youth "caused" T's physical injury. Thus, we conclude that the juvenile court erred in denying youth's motion.

We turn to the proper remedy, on which the parties' arguments diverge. Youth contends in his opening brief that he is entitled to an outright reversal of the adjudication because, when the court ruled on youth's motion, the only offense alleged was third-degree assault—an offense for which, as the state concedes, the evidence was insufficient—and thus the juvenile court was required to dismiss the petition at that point in the proceedings. That is, as youth views the case, the state had not raised the possibility of any other offense when the juvenile court was assessing the sufficiency of the evidence; rather, the state's theory was exclusively that youth had engaged in conduct that, if committed by an adult, would constitute third-degree assault by being present and aiding R. We understand youth to contend that, if the court had correctly granted his motion at that point, there would have been no later opportunity for the state to raise the offense of aiding and abetting fourth-degree assault or for the court to adjudicate youth on that alternative ground.

Although the state agrees on appeal that there was insufficient evidence to support an adjudication for third-degree assault, the state disagrees with youth's argument for an outright reversal. The state remonstrates that, had the juvenile court granted youth's motion to dismiss the third-degree assault charge, it nevertheless would have been appropriate for the court to consider any lesser-included offenses supported by the evidence. Although not framed as a harmless error argument, the gravamen of the state's argument is that we should affirm the adjudication for fourth-degree assault on an aiding and abetting theory because the court could have accomplished precisely what it ended up doing even though it failed to grant youth's

motion to dismiss. For support, the state cites to *State v. J. N. S.*, 258 Or App 310, 321, 308 P3d 1112 (2013), *abrogated on other grounds by State v. Henderson*, 366 Or 1, 455 P3d 503 (2019), in which we reversed an adjudication for second-degree burglary and remanded for entry of a judgment finding the youth within the court's jurisdiction for the lesser-included offense of second-degree criminal trespass. As explained below, given the record before us, we reverse the court's adjudication.

As an initial matter, it is worth observing that no party addresses the juvenile court's authority under ORS 419C.261, which includes the ability to amend the petition and grant a continuance as the interests of justice may require, or to set aside or dismiss the petition in furtherance of justice.[4] Further, neither party, nor the court, specifically raised ORS 419C.261 considerations when the state moved to adjudicate youth for fourth-degree assault based on accomplice liability. Accordingly, we express no opinion on its applicability in this case; however, it bears mentioning that delinquency proceedings are not simply a mirror image of adult criminal proceedings. As we have recognized in other contexts, the statutory framework generally provides wide latitude to the juvenile court to make various determinations based upon, among other considerations, the circumstances of the case, the interests of justice, and the best interests of the youth. *See, e.g.*, *State ex rel Juv. Dept. v. Reynolds*, 317 Or 560, 574, 857 P2d 842 (1993) (explaining that "[j]uvenile courts are concerned with rehabilitation, not punishment"); *State v. B. Y.*, 371 Or 364, 368-70, 383, 537 P3d 517 (2023) (describing delinquency proceedings generally and recognizing the juvenile court's "discretionary

---

[4] ORS 419C.261 provides, in part:

"(1) The court, on motion of an interested party or on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interests of justice may require. * * *

"(2)(a) The court may set aside or dismiss a petition filed under ORS 419C.005 in furtherance of justice after considering the circumstances of the youth and the interests of the state in the adjudication of the petition.

"(b) If the victim requests notice, the district attorney or juvenile department shall notify the victim of a hearing to amend the petition in advance of the hearing."

authority to determine the appropriate disposition based on the specific circumstances and rehabilitative needs of the youth in each case").

As explained above, the juvenile court erred in failing to grant youth's motion to dismiss as to the ground for jurisdiction alleged in the petition. The state contends that *J. N. S.* shows that, in that situation, we have considered—and therefore the juvenile court may also consider—whether it is appropriate to enter an adjudication for an offense subsumed within the offense alleged in the petition. *See J. N. S.*, 258 Or App at 321 (noting that the court's findings, made in support of an adjudication for second-degree burglary that we were reversing, "are sufficient to support an adjudication for criminal trespass in the second degree").

The problem with the state's argument is that, in this case, the alternative offense for which the juvenile court adjudicated youth is not a lesser-included offense of the one alleged in the petition. *See State v. Torres*, 182 Or App 156, 160, 48 P3d 170, *adh'd to on recons*, 184 Or App 515, 59 P3d 47 (2002) ("Whether an offense is a lesser included of a charged crime depends on whether (1) one offense is necessarily included within the other because the elements of the former are subsumed in the latter or (2) whether the facts alleged in the charging instrument expressly include conduct that describes the elements of the lesser-included offense."). As noted above, the petition alleged that youth committed conduct that, if committed by an adult, would constitute third-degree assault by unlawfully and intentionally and knowingly causing physical injury to T while aided by another person actually present. That is the allegation that the parties litigated. The evidence showed that youth did not cause injury to T and that youth was not aided by anyone. However, without notice to youth, and after he had put on his defense, the court considered and found a different ground for jurisdiction based on different elements: that R caused injury to T and that youth aided and abetted him in doing so. *See* ORS 161.155(2)(b) (an adult is criminally liable for the conduct of another if, "[w]ith the intent to promote or facilitate the commission of the crime the person * * * [a]ids

or abets or agrees or attempts to aid or abet such other person in planning or committing the crime").

Thus, unlike in *J. N. S.*, where the parties litigated issues that necessarily encompassed the elements of criminal trespass, the parties in this case litigated issues that did not include the elements of the offense for which the court adjudicated youth. Our holding in *J. N. S.* does not counsel against correcting the court's error in denying the motion to dismiss.[5]

Further, to the extent that the court could have invoked the process described ORS 419C.261 to amend the petition and grant a continuance as justice may require, it did not do that. Instead, it adjudicated youth on a ground different from, and not subsumed within, the one alleged in the petition without giving youth notice or an opportunity to defend against that allegation. *See State ex rel Juv. Dept. v. Henson*, 97 Or App 26, 29-30, 775 P2d 325 (1989) (concluding that the predecessor statute of ORS 419C.261 must be applied within the limits of due process and that the belated amendment to the delinquency petition violated due process because the youth's "defense would necessarily have to have been different" and "the substance of [the youth's] defense would necessarily have changed the nature of his cross-examinations"). That process runs contrary to principles of fundamental fairness. Thus, under these circumstances, we conclude that the appropriate remedy is to reverse the adjudication, putting youth back in the position he would have occupied if the court had correctly granted his motion

---

[5] To the extent that the state relies on *State v. Burney*, 191 Or App 227, 82 P3d 164 (2003), *rev den*, 337 Or 182 (2004), we are not persuaded that is it helpful under the circumstances of this case. In *Burney,* we concluded that a criminal defendant may be convicted on an aid-and-abet theory of a charged offense when the indictment charges only that the defendant committed the offense. *Id.* at 239. In this case, the state would have us daisy chain the principle from *Burney* with the principle that a charge of one offense includes lesser-included offenses to conclude that, when the indictment charges a greater crime, the defendant may nevertheless be convicted on the theory that the defendant aided and abetted someone else in the commission of a lesser crime. Regardless of whether we would reach that conclusion in a criminal case in which it was directly presented, we decline to do so in this case, (1) which is a juvenile adjudication and thus requires a particular focus on the ends of justice; (2) in which the issue is presented in an indirect posture in light of the state's concession that the evidence was insufficient to prove the only offense that was at issue when youth moved to dismiss; and (3) where the possibility of adjudication on the different theory was never raised until after youth had finished presenting his defense.

to dismiss. Accordingly, we reject the state's argument that we nonetheless should affirm the judgment in the case.[6]

Reversed.

---

[6] In his second assignment of error, youth challenges the juvenile court's adjudication by renewing the arguments that he made in the written closing memorandum regarding a due process challenge to the state's motion to adjudicate him on fourth-degree assault. Although that assignment of error raises overlapping due process concerns that we discuss above, we need not reach that separate argument because we conclude that the court erred in denying his motion to dismiss. Similarly, we need not reach youth's third assignment, challenging the sufficiency of the evidence supporting the fourth-degree assault adjudication given our disposition on the first assignment of error.