Argued and submitted June 27, 2008, affirmed January 28, petition for review denied March 26, 2009 (346 Or 116)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL SANTOS,
*Defendant-Appellant.*

Tillamook County Circuit Court
051252; A131160

201 P3d 285

Elizabeth Ann Corbridge, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Huckleberry, Senior Judge.

EDMONDS, P. J.

Huckleberry, S. J., concurring.

**EDMONDS, P. J.**

Defendant appeals convictions for felon in possession of a firearm, ORS 166.270, criminal mischief in the first degree, ORS 164.365, menacing, ORS 163.190, and recklessly endangering another person, ORS 163.195. On appeal, defendant raises three claims of error. We affirm.

In his first assignment of error, defendant argues that the trial court erred when it did not instruct the jury that at least 10 of its members had to agree on the date that defendant possessed the firearm in order to convict him of felon in possession of a firearm. According to defendant, there is evidence in the record that he possessed a firearm in mid-October at the Second Chance Bar and on October 29 at the Beachside Mini Mart in Rockaway, Oregon. Defendant posits that, without such an instruction, "five jurors may have thought that defendant possessed a gun in mid-October * * * while five may have thought that defendant possessed a gun on October 29 * * *." Although defendant did not raise that issue in the trial court, he asks this court to review for error apparent on the face of the record under ORAP 5.45. In support of his argument, he relies on *State v. Lotches*, 331 Or 455, 17 P3d 1045 (2000), and *State v. Hale*, 335 Or 612, 75 P3d 448 (2003). Both of those cases involved issues regarding jury concurrence that were not preserved in the trial court.

■     We conclude that defendant's claim of error is not obvious or apparent on the face of the record, a prerequisite to the exercise of our discretion to review an unpreserved claim of error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In *State v. Zweigart*, 344 Or 619, 188 P3d 242 (2008), the court rejected an argument similar to the argument made by defendant, reasoning that *Lotches* and *Hale* were not on point, in part, because "the jury instructions in each instance fairly told the jurors what facts they must find to identify the perpetrator of the murder and return a guilty verdict." 344 Or at 630. That reasoning is applicable here, where the trial court instructed the jury that, "to establish the crime of possession of a firearm by a felon, the State must prove beyond a reasonable doubt * * * [that] the act occurred on or about October 29, 2005[.]" Moreover, the prosecutor did not rely on the mid-October incident

in closing argument as the basis for the charge. Rather, in closing argument, he referred to the testimony of eye-witnesses to the events that occurred on October 29, including the testimony of witness Quan, who testified that he was working in the Beachside Mini Mart on "the night of October the 29th of this year[.]"[1] On that record, the error, if any, is not plain.

■ In his second assignment of error, defendant asserts that the trial court erred when it imposed sentences for menacing and for recklessly endangering another person that were consecutive to his sentence for felon in possession of a firearm. The trial court reasoned that it was authorized under ORS 137.123(5) to impose consecutive sentences because the charges involved separate victims.[2] Defendant agrees that the convictions for menacing and recklessly endangering another person involved separate victims but disputes that there was any victim regarding the conviction for felon in possession of a firearm for purposes of ORS 137.123(5). The state counters that the public is the "victim" for purposes of the conviction for felon in possession of a firearm, thereby satisfying the statutory requirement.

Defendant, however, made different arguments to the trial court than the argument that he makes on appeal. Initially, he argued to the trial court that under *State v. Linthwaite*, 52 Or App 511, 628 P2d 1250 (1981), *aff'd in part, rev'd in part on other grounds*, 295 Or 162, 665 P2d 863 (1983), "there is a merger issue as far as the misdemeanors go, that they do merge for purposes both of conviction and sentencing."[3] Later, he argued, "[t]he only thing I think we

---

[1] The prosecutor referred to the mid-October incident in closing argument to support his argument that defendant possessed a firearm on October 29, 2005. He told the jury, "But, you know, on top of that you've got Dave May who puts the defendant in possession of a firearm shortly before this event."

[2] ORS 137.123(5) grants discretion to a trial court to impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct if the court finds that the criminal offense for which a consecutive sentence is contemplated "caused or created a risk of causing loss, injury or harm to a different victim than was caused * * * by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

[3] In *Linthwaite*, we held that convictions for menacing and recklessly endangering another person merged for purposes of conviction and sentencing where they involved the same victim. 52 Or App at 521. The defendant in *Linthwaite* was not charged with felon in possession of a firearm.

can get to any sort of consecutive time would have to be due to criminal mischief[,] and we've already pretty much ascertained that that's a probationary sentence." At no point in time during the sentencing hearing did defendant argue to the court that it could not impose sentences consecutive to the sentence for felon in possession of a firearm because that crime is a victimless crime for purposes of ORS 137.123. Rather, it was the prosecutor who noted to the trial court that

"to support the consecutives, you have a separate victim. The felon in possession count has no victim, per se. It's just the people of the State of Oregon. The criminal mischief count has [a victim], and then the other counts have [other victims]."

After the prosecutor made the above argument, defendant did not respond to the prosecutor's assertion but referred to another issue.

■ The purpose of the requirement of preservation of a claim of error in the trial court is to ensure that the court has the opportunity to "identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Here, defendant never voiced an objection to consecutive sentences on the ground that the crime of felon in possession of a firearm is a victimless crime. Consequently, the trial court had no opportunity to consider the issue that defendant frames on appeal. It follows that defendant's second assignment was not preserved in the trial court, as ORAP 5.45 requires, and we do not consider it for that reason.

■ In his third assignment of error, defendant argues that the trial court erred when it categorized defendant as a criminal history category B offender without ascertaining whether defendant's prior convictions in California were the statutory equivalents of Oregon felonies or Class A misdemeanors.[4] After being convicted, defendant requested that he

---

[4] ORS 138.225(4)(b) provides that, in any appeal, the reviewing court may review a claim that "[t]he sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes[.]"

be sentenced immediately. Consequently, no presentence report was prepared and submitted, nor was the statutory procedure followed for the correction of any errors in the report. *See* ORS 137.079; OAR 213-004-0013 (establishing the procedure for a presentence investigation and report and for the correction of any errors in a defendant's criminal history). Rather, the state introduced into evidence a copy of a 1999 judgment in Washington County (Exhibit 10), which indicates that defendant was convicted for felony attempting to elude, ORS 811.540, and reckless driving. Under the categories of crime seriousness and criminal history for the felony conviction, the judgment indicates that defendant was a category 2B offender. During the sentencing hearing in this case, the state argued that defendant should be classified as a category B offender for purposes of sentencing on the conviction for felon in possession of a firearm based on that 1999 judgment. The prosecutor explained that the determination in the Washington County case that defendant was a category B offender reflected the fact that defendant had been convicted previously of two felonies in California. Defendant objected on the basis that

"[the prosecutor] does not actually have * * * certified copies of those California convictions.

"So I think there's definitely a question of what he actually was convicted of and is it the statutory equivalent of what they would be if they were Oregon convictions."

The trial court, however, ruled that the state had presented sufficient evidence for it to sentence defendant as a category B offender.

On appeal, defendant renews his argument that the trial court erred "in accepting the Washington County court's 1999 classification of defendant as a 'B,' because there was no evidence that the Washington County court properly calculated defendant's criminal history." The state counters that the 1999 judgment suffices to carry its burden of proof that defendant is a category B offender.[5] In our view, the issue

---

[5] ORS 137.079(5)(c) provides, in part, that "the state shall have the burden of proving by a preponderance of evidence any disputed part of the defendant's criminal history." The prosecutor explained to the trial court that its efforts to procure copies of the California convictions had been unsuccessful.

turns on what evidentiary weight, if any, the trial court was entitled to give to Exhibit 10.[6]

ORS 43.130 provides, in part,

"The effect of a judgment * * * in an action, suit or proceeding before a court or judge of this state * * * is as follows:

"(1) In case of a judgment * * * in respect to the personal, political, or legal condition or relation of a particular person, the judgment * * * is conclusive upon * * * the condition or relation of the person."

ORS 43.160 provides,

"That only is determined by a former judgment * * * which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

ORS 136.430 provides,

"The law of evidence in civil actions is also the law of evidence in criminal actions and proceedings, except as otherwise specifically provided in the statutes relating to crimes and criminal procedure."

The question thus becomes whether the adjudication in the 1999 judgment that defendant is a category B offender was necessary and material to the disposition in that case. If not, then the trial court had no evidence before it that supports a determination of defendant's category B criminal history for purposes of sentencing in this case.

According to the 1999 Sentencing Guidelines, defendant could not have been classified as a category B offender unless he had previously been convicted of "[t]wo person felonies (juvenile or adult)." Under the guidelines, sentences are determinate, and sentence length is based on crime seriousness and the offender's criminal history. The combination of those factors yields a "presumptive sentence." The 1999 judgment reflects the imposition of a presumptive sentence of

---

[6] Defendant does not challenge the authentication of Exhibit 10, and he offered no evidence to controvert his classification as a category B offender. Rather, his argument is that Exhibit 10 is insufficient as a matter of law to carry the state's burden to prove that he is a category B offender.

90 sanction units and 18 months of formal probation based on a category 2 crime seriousness level and a category B criminal history. Thus, in order for the Washington County court to impose the sentence that it did, it was necessary for that court to first find that defendant had been convicted of two person felonies. Consequently, in the absence of any controverting evidence, the 1999 judgment constitutes evidence sufficient to carry the state's burden of proof that defendant, prior to the sentencing in this case, was a category B offender. Therefore, the trial court did not err in sentencing defendant.

Affirmed.

**HUCKLEBERRY, S. J.,** concurring.

While I find myself in agreement with the result obtained on all specifications of error as addressed and set forth in the majority opinion, I nevertheless find myself disagreeing with the approach taken in both the manner and method by which the majority opinion achieves its result on the third assignment of error. When speaking to defendant's third assignment of error, the majority opinion states:

"[D]efendant argues that the trial court erred when it categorized defendant as a criminal history category B offender without ascertaining whether defendant's prior convictions in California were the statutory equivalents of Oregon felonies or Class A misdemeanors."

225 Or App at 396.

The state's decision to offer into evidence a copy of a Washington County judgment *circa* 1999 (Exhibit 10), which categorized defendant as a category 2B offender, ostensibly to address defendant's concerns or otherwise meet his late challenge to his criminal history, did not, in my opinion, create any sort of legal or evidentiary opening into which the Tillamook County court then found itself having some duty to address and decide as a result of the state's offer of Exhibit 10. By then, the time had already passed for defendant to interpose by way of written challenge concerns he had regarding his criminal history hitherto provided by the state and already made part of the record of the case.

The obligation of defendant to file his written objection, a duty required by OAR 213-004-0013(3), was to have taken place *before sentencing.* Put differently, in the absence of a dispute, something that develops via the procedures found in subsection (3) of the above-referenced administrative rule, subsection (2) controls:

> "Except to the extent disputed in accordance with section (3) of this rule, the summary of the offender's criminal history prepared for the court by the state *shall satisfy the state's burden of proof as to an offender's criminal history.*"

OAR 213-004-0013(2) (emphasis added).

There was no need at the time of sentencing for the Tillamook County Court to inquire into either the manner or method by which the Washington County Court classified defendant as a category 2B offender. The criminal history worksheet prepared for the trial court within the framework of the record that existed at that point in time had already resolved the issue. Defendant's third assignment of error does not turn on the evidentiary value or weight given to Exhibit 10 (the judgment taken in Washington County), especially when the Tillamook County Court was effectively relieved of any such obligation when defendant failed to comply with OAR 213-004-0013(3) by not submitting his written objection *prior to sentencing.*

In addition, even though, under ORS 138.222(4)(b), the appellate court may review a claim that "[t]he sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes[,]" it is my belief that there simply is not any reason for this court to do so in the absence of defendant complying with OAR 213-004-0013(3), essentially a condition precedent to judicial review of such matters, especially where subsection (2) of the same rule has the effect of resolving the matter for this court on the record of the case now before this court.

In short, on these facts, the failure of defendant to interpose a timely written objection and defendant's insistence that he be sentenced *immediately*, coupled with the fact

that he had *another* opportunity in a previous case in Washington County to interpose his written objection disputing his criminal history but apparently did not, undoubtedly gives the trial judge the option of simply denying defendant's objection to the then-claimed inaccuracy of the criminal history worksheet and choosing to sentence him on the legally unchallenged criminal history then before the trial court.

Mistakes made by the trial court, if any there be, in dealing with this issue as an evidentiary matter, should mean nothing to this court in the absence of defendant fulfilling his OAR 213-004-0013(3) duty in a timely manner.