Submitted January 8, remanded for resentencing, otherwise affirmed
March 16, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROCKY MAURICE R-ROBINSON,
aka Rocky Maurice Robinson,
*Defendant-Appellant.*

Multnomah County Circuit Court
140230636; A157373

369 P3d 1242

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for fourth-degree assault constituting domestic violence, challenging the sentence imposed by the trial court. He asserts that the court erred in using his prior Colorado convictions for assault to calculate his criminal history score.

At defendant's sentencing, the state argued that his criminal history contained two "person Class A misdemeanors" based on defendant's convictions in Colorado for assault. Under OAR 213-004-0011(1), "[a]n out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law." The state asserted that defendant's Colorado convictions were the equivalent of convictions under Oregon's fourth-degree assault statute, ORS 163.160. The court agreed and categorized defendant in the 6-D grid block of the sentencing guidelines. On appeal, as he did below, defendant argues that the trial court erred in using the two Colorado convictions for assault to calculate his criminal history score.

A conviction from another jurisdiction qualifies under OAR 213-004-0011(1) if "in fact [it] matched the elements of [an] Oregon offense" because, under that scenario, violation of the other jurisdiction's statute "necessarily constitute[s] a violation of the Oregon statute." *State v. Provencio,* 153 Or App 90, 95, 955 P2d 774 (1998). Where the elements of the out-of-state offense are "broader and more inclusive than the Oregon crime" the other jurisdiction's statute "could be violated without necessarily violating the Oregon statute." *Id.* at 94. In that circumstance, the state must "demonstrate by way of the accusation instrument and the judgment that [the defendant's out-of-state conviction] in fact matched the elements of the Oregon offense." *Id.* at 95.

Here, defendant asserts that the state failed to meet its burden to demonstrate that defendant's assault convictions in Colorado constituted fourth-degree assault in Oregon because Colorado's assault statute is broader and more inclusive than Oregon's assault statute. That is, the Colorado statute requires the defendant to cause "bodily

injury," Colo Rev Stat § 18-3-204, which means impairment of physical or mental condition or any physical pain. Colo Rev Stat § 18-1-901(3)(c). ORS 163.160, on the other hand, requires the defendant to cause "physical injury," which does not include impairment of mental condition, and requires "impairment of physical condition or substantial pain." *See* ORS 161.015(7). Defendant also notes that the state failed to produce the accusatory instruments from the Colorado convictions, and failed to enter the judgments of conviction for the Colorado assaults into the record.

The state concedes that Colorado's statutes for misdemeanor assault are broader than ORS 163.160 and that the record on appeal is insufficient to demonstrate that defendant's Colorado convictions matched the elements of ORS 163.160. We agree, accept the state's concession, and remand for resentencing.

Remanded for resentencing; otherwise affirmed.