Argued and submitted February 14, 2020; reversed and remanded for resentencing, otherwise affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DERRICK EARL SHIELDS,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR26927; A167858

482 P3d 784

Defendant appeals a judgment sentencing him to 45 months in prison and three years of post-prison supervision on a conviction for first-degree burglary, ORS 164.225. At the time of sentencing, defendant had no prior Oregon convictions but had prior Georgia convictions. Relying on five Georgia convictions, the sentencing court placed defendant in criminal history category "A," the highest category, for purposes of the sentencing guidelines. Defendant contends that the sentencing court erred in its application of OAR 213-004-0011(1), which provides that a prior out-of-state conviction is to be included in a defendant's criminal history score only if the elements of the out-of-state offense correspond to an Oregon felony or Oregon Class A misdemeanor. Defendant maintains that the Georgia offenses do not correspond to Oregon offenses. *Held*: The sentencing court did not err by including in defendant's criminal history score his two prior Georgia convictions for first-degree criminal damage to property, OCGA § 16-7-22(a). However, it erred by including his prior Georgia convictions for aggravated assault, OCGA § 16-5-21(a), and possession of a firearm during the commission of a felony, OCGA § 16-11-106(b).

Reversed and remanded for resentencing; otherwise affirmed.

David G. Hoppe, Judge.

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Reversed and remanded for resentencing; otherwise affirmed.

Tookey, J., specially concurring.

**AOYAGI, J.**

Defendant appeals a judgment sentencing him to 45 months in prison and three years of post-prison supervision on a conviction for first-degree burglary. He argues that the sentencing court miscalculated his criminal history score by improperly including five out-of-state convictions. Defendant contends that, as a result, he was erroneously placed in the highest category, "A." Under OAR 213-004-0011(1), prior out-of-state convictions are to be included in a defendant's criminal history only "if the elements of the offense would have constituted a felony or Class A misdemeanor under Oregon law." As to two of defendant's out-of-state convictions, we agree with defendant that the sentencing court erred. Accordingly, we reverse and remand for resentencing.

## FACTS

Defendant was convicted of one count of first-degree burglary, ORS 164.225, and one count of first-degree aggravated theft, ORS 164.057. He does not challenge his convictions. He also does not challenge his sentence on the theft count, which was a departure sentence jointly recommended by the parties. We therefore discuss only the facts relevant to defendant's burglary sentence.

At sentencing, the state argued that defendant had five prior Georgia convictions that should be included in his criminal history score as corresponding to Oregon person felonies or person Class A misdemeanors. Specifically, the state established that defendant has two prior convictions for first-degree criminal damage to property, OCGA § 16-7-22(a), which it argued corresponds to unlawful use of a weapon, ORS 166.220, or recklessly endangering another person, ORS 163.195. The state established that defendant has a prior conviction for aggravated assault, OCGA § 16-5-21(a), which it argued corresponds to first-degree assault, ORS 163.185, unlawful use of a weapon, ORS 166.220, or menacing, ORS 163.190. The state established that defendant has a prior conviction for possession of a firearm during the commission of a felony, OCGA § 16-11-106(b), which it argued corresponds to unlawful use of a weapon,

ORS 166.220, recklessly endangering another person, ORS 163.195, or menacing, ORS 163.190. Finally, the state asserted that defendant has a prior conviction for battery, OCGA § 16-5-23.1, which it argued corresponds to fourth-degree assault, ORS 163.160.[1]

In response, defendant opposed including any Georgia convictions in his criminal history score, arguing that the state had "failed to prove that any of the Georgia convictions have any correlation to Oregon crimes."

After hearing the parties' arguments, the sentencing court agreed with the state that all five Georgia convictions correspond to Oregon offenses. On that basis, the court placed defendant in criminal history category "A" and sentenced him on the burglary count to the presumptive term of 45 months in prison and three years of post-prison supervision. The court explained:

> "To me, the only argument is kind of academic on whether it's an 8A or an 8B under the sentencing guidelines grid, looking at all of those offenses that were mentioned as person misdemeanors at least, if not person felonies.
>
> "I believe that they do constitute at least person misdemeanors and that they would constitute either shooting recklessly, endangering,[2] or menacing.
>
> "In addition, I believe they constitute unlawful use of a weapon. And those four in and of themselves would be enough, but I looked at *State v. Higgins*[, 165 Or App 442, 998 P2d 222 (2000)]. Under *Higgins* analysis on battery, I do find that when you leave a bite mark,[3] that is temporary impairment as injury. That's beyond the harassment. We find that to constitute the elements of an assault.

---

[1] The state also identified in its sentencing memorandum some Georgia convictions for drug offenses. The sentencing court never addressed the drug offenses, as the person offenses were dispositive, and the state does not discuss them on appeal. To the extent those convictions are relevant, the sentencing court may address them at resentencing.

[2] Although the court's phrasing as punctuated in the transcript is awkward, it is clear in context (and undisputed) that, when the court said, "shooting recklessly, endangering," it was referring to the Oregon offense of recklessly endangering another person.

[3] The charging instrument for defendant's Georgia battery conviction alleged that defendant caused a "bite mark" to the victim.

"So we have at least five person misdemeanors or at least four without looking at merger argument on the person felonies.

"I believe that there's three person felonies for sure there. *** [A]nd that's without combining the two person misdemeanors into a person felony.

"So at this point, I'm going to sentence you as an 8A, which is 45 months in the Oregon Department of Corrections."

On appeal, defendant reprises his arguments to the sentencing court, contending that his "prior Georgia offenses, correctly compared *** to current Oregon crimes, do not suffice to place [him] in criminal history category A." In defendant's view, none of his Georgia offenses correspond to Oregon offenses, and so he should have been placed in category "I." The state disagrees, maintaining that no error occurred.

## ANALYSIS

A.  *Legal Principles*

Under the Oregon sentencing guidelines, a defendant's criminal history score is calculated by counting his or her prior felony convictions, Class A misdemeanor convictions, and felony-equivalent juvenile adjudications. OAR 213-004-0007. The sentencing guidelines distinguish between "person" and "non-person" crimes. "Person" felonies are defined in OAR 213-003-0001(14), and "person" Class A misdemeanors are defined in OAR 213-003-0001(15). For criminal history purposes, two person Class A misdemeanors count as one person felony. OAR 213-004-0008.

Defendant has no established juvenile adjudications, so we limit our discussion to adult convictions. A defendant with three or more prior person felony convictions belongs in criminal history category A, which is the highest category. OAR 213-004-0007. Categories B, C, and D apply to defendants with one or two prior person felony convictions. *Id*. Categories E, F, G, and H apply to defendants with various numbers of nonperson felony or misdemeanor convictions but no prior person felony conviction. *Id*. The lowest category, I,

applies to defendants with no prior felony or Class A misdemeanor convictions.

Out-of-state convictions are to be included in a defendant's criminal history score, but only if the elements of the out-of-state offense "correspond to the elements of an Oregon felony or Class A misdemeanor." *State v. Tapp*, 110 Or App 1, 4, 821 P2d 1098 (1991) (discussing *former* OAR 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 (1991), *renumbered as* OAR 213-004-0011 (1996)); OAR 213-004-0011(1) ("An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law."). As to "person" crimes in particular, "if the elements of the offense would have constituted an offense under Oregon law listed at OAR 213-003-0001(14) or (15)," then the out-of-state convictions "shall be classified as person felonies or person Class A misdemeanors." OAR 213-004-0011(3).

It is the state's burden to prove what prior convictions a defendant has. *State v. Torres*, 182 Or App 156, 163, 48 P3d 170, *adh'd to on recons*, 184 Or App 515, 59 P3d 47 (2002). If a presentence report was prepared, "the defendant's criminal history as set forth in the presentence report shall satisfy the state's burden of proof as to the defendant's criminal history," except insofar as the defendant gives notice of a factual error, in which case the state must prove "by a preponderance of evidence any disputed part of the defendant's criminal history." ORS 137.079(5); *see also Torres*, 182 Or App at 165 (notice is required only to allege a factual error in the presentence report, not to challenge "the legal consequence of an accurate report"). Alternatively, the district attorney may provide a "criminal history summary," subject to the same dispute process as a presentence report. OAR 213-004-0013(3). Or, as occurred here, the state may offer evidence at sentencing to prove prior convictions, such as (but not limited to) certified copies of prior charging instruments and judgments. *See* OAR 213-004-0013; *State v. Santos*, 225 Or App 392, 399, 201 P3d 285, *rev den*, 346 Or 116 (2009).

Once the state establishes the existence of an out-of-state conviction, OAR 213-004-0011 requires element

matching to determine if the out-of-state offense corresponds to an Oregon offense. *State v. R-Robinson*, 277 Or App 107, 108, 369 P3d 1242 (2016); *State v. Provencio*, 153 Or App 90, 95, 955 P2d 774 (1998). The out-of-state offense must have "elements that are the same as or nearly the same as the elements of the Oregon crime to which it is compared." *State v. Guzman*, 366 Or 18, 37, 455 P3d 485 (2019) (internal quotation marks and emphasis omitted). Significantly, the sentencing court is limited to comparing the *elements* of the offenses. Its task is not to determine whether defendant's out-of-state *conduct* would constitute an Oregon offense. "Had the drafters intended conduct to be considered, they could have drafted a rule that was not limited only to consideration of the elements of an offense." *State v. Golden*, 112 Or App 302, 306, 829 P2d 88 (1992).

If the elements of an out-of-state offense are broader and more inclusive than an Oregon offense—such that some ways of committing the out-of-state offense correspond to an Oregon offense, but others do not—it is the state's burden to produce the out-of-state charging instrument and judgment to establish that the defendant committed it in a way that corresponds to an Oregon offense. *R-Robinson*, 277 Or App at 108. If the state fails to do so, it fails to meet its burden of proof, and the out-of-state conviction cannot be included in the defendant's criminal history score. *Provencio*, 153 Or App at 95; *see also Torres*, 182 Or App at 174-75 (remanding for resentencing based on such error); *Golden*, 112 Or App at 306-07 (same).[4] There is no such issue when the elements of an out-of-state offense are narrower than an Oregon offense. "When a foreign offense differs from an Oregon offense only because it is narrower, that difference will not preclude the offense from being a close element match." *Guzman*, 366 Or at 37 n 7. That is because violation of the out-of-state statute "necessarily constitute[s] a violation of the Oregon statute." *Provencio*, 153 Or App at 95.

---

[4] To illustrate, in *Golden*, the defendant was convicted of a Pennsylvania offense that could be committed in multiple ways, only one of which corresponded to the Oregon offense of menacing. The state failed to produce the Pennsylvania accusatory instrument and judgment, so it was unknown which way the defendant had committed the offense. Given that failure of proof, the trial court erred in counting the Pennsylvania conviction, and the defendant was entitled to resentencing. *Golden*, 112 Or App at 306-07.

We review the calculation of a defendant's criminal history category—including the treatment of out-of-state convictions—for legal error. *See* ORS 138.105(7), (8)(c)(A); *Provencio*, 153 Or App at 94. Whether the elements of an out-of-state offense correspond to an Oregon offense is a question of law. *See State v. Gunter*, 187 Or App 461, 462, 67 P3d 996 (2003).

Here, the sentencing court concluded that defendant has five Georgia convictions for offenses that correspond to Oregon person felonies or person Class A misdemeanors. We consider each of the Georgia convictions in turn. Before doing so, we note that our task is somewhat complicated by the sentencing court's minimal explanation of its legal reasoning. Except for the battery conviction, the state had identified multiple Oregon offenses as corresponding to each Georgia conviction. Given the numerous offenses in play, it would have been helpful for the sentencing court to address each Georgia conviction individually and to specify the corresponding Oregon offense(s), even if it did not engage in the actual element matching on the record. In some cases, the minimal explanation given here could impede appellate review. In this case, however, the parties agree as to which Georgia convictions the sentencing court relied on, as well as agree as to which Oregon offenses the court considered to correspond to those Georgia offenses. The parties also agree as to the applicable legal standard, and neither party suggests that the sentencing court applied an incorrect legal standard. The only dispute is whether the sentencing court applied the legal standard correctly to the particular offenses at issue. As such, the universe of relevant legal issues is clearly defined, and the questions presented on appeal are purely questions of law. We therefore proceed to the merits of the parties' arguments.[5]

---

[5] In a concurring opinion, our colleague suggests that it is somehow improper for us to address the merits of the parties' arguments in this case, either because the sentencing court did not explain its reasoning well enough on the record or because the state did not meet its evidentiary burden. *See* 309 Or App at 529, 533-34 (Tookey, J., specially concurring). That position is both perplexing and untethered to defendant's arguments. The concurrence suggests that the sentencing court may have applied the wrong legal standard, *see id.* at 529, 533, but neither party has suggested that it did, nor does the record indicate that it did. We have never treated a lower court's silence as to the details of its reasoning to mean that it applied the wrong legal standard. The concurrence also

B.  *First-Degree Criminal Damage to Property, OCGA § 16-7-22(a)*

Defendant has two prior convictions for first-degree criminal damage to property, OCGA § 16-7-22(a). The sentencing court agreed with the state that that Georgia offense corresponds to the Oregon offenses of unlawful use of a weapon and/or recklessly endangering another person. On appeal, defendant challenges that conclusion, arguing that the Georgia offense does not correspond to either Oregon offense. In response, the state focuses on recklessly endangering another person. We agree with the state that the Georgia offense corresponds to that Oregon offense.

A person commits the Oregon offense of recklessly endangering another person "if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ORS 163.195(1). "Recklessly" means that the person "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." ORS 161.085(9). The risk "must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id*.

_____

suggests that it is unclear which Georgia convictions the sentencing court used to place defendant in category A. *See id*. at 533. But we agree with the parties that it is apparent from the court's oral ruling and disposition which Georgia convictions it used. We also agree with the parties that it is purely a legal question whether the elements of those Georgia offenses match the elements of the cited Oregon offenses. Both parties have fully briefed those legal questions, and it does not require any "divination" or "guesswork" to compare the legal elements of two known statutes. *See id*. at 529. Nor is there any reason to exclude from our consideration Oregon offenses raised at the sentencing hearing, *see id*. at 531-32, when defendant has made no distinction between the state's arguments in its sentencing memorandum and the state's arguments at hearing. Finally, as for the concurrence's suggestion that the state failed to meet its evidentiary burden, *id*. at 534, defendant has never made that argument—except as to the battery conviction, which everyone agrees we need not reach (and which we do not reach)—which alone would make it an improper basis for reversal. In any event, defendant is correct not to have made it, because the record here contains precisely what is necessary to identify the out-of-state offenses at issue and compare their elements to Oregon offenses. None of the cases cited in the concurring opinion support a contrary conclusion. *See id*. at 529-30, 533 n 3. In sum, the parties have presented developed arguments on purely legal issues on which the sentencing court ruled, and there is nothing procedurally improper about our addressing those arguments and resolving this case on the issues presented.

A person commits the Georgia offense of first-degree criminal damage to property if the person "knowingly and without authority interferes with any property in a manner so as to endanger human life." OCGA § 16-7-22(a)(1).[6] As to "the elements of criminal damage to property," the Georgia Supreme Court has construed the phrase "in a manner so as to endanger human life" as requiring reckless endangerment. *Carthern v. State*, 272 Ga 378, 380, 529 SE2d 617 (2000) (analyzing the offense's statutory elements and concluding that "in a manner so as to endanger human life" means "reckless endangerment rather than actual endangerment").

The Georgia offense of first-degree criminal damage to property is narrower than the Oregon offense of recklessly endangering another person, both in that the Georgia offense requires knowing and unauthorized *interference with property* (whereas the Oregon offense contains no such limitation) and in that the Georgia offense requires the reckless endangerment of *human life* (whereas a substantial risk of *serious physical injury* satisfies the Oregon statute). However, an out-of-state offense that is narrower than an Oregon offense is still considered to correspond to the Oregon offense. *Guzman*, 366 Or at 37 n 7. Applying element matching, we agree with the state that the Georgia offense corresponds to an Oregon offense.

Accordingly, the sentencing court did not err in including defendant's two prior convictions for the Georgia offense of first-degree criminal damage to property in defendant's criminal history score. That offense corresponds to the Oregon offense of recklessly endangering another person, which is a person Class A misdemeanor. ORS 163.195(2) ("Recklessly endangering another person is a Class A misdemeanor."); OAR 213-003-0001(15) (including "ORS 163.195

---

[6] An alternative way to commit the Georgia offense of first-degree criminal damage to property is to "knowingly and without authority and by force or violence interfere[] with the operation of any system of public communication, public transportation, sewerage drainage, water supply, gas, power, or other public utility service or with any constituent property thereof." OCGA § 16-7-22(a)(1). However, the Georgia charging instrument and judgment establish that defendant was charged and convicted of twice committing the offense in the way described in the text, specifically by shooting a firearm in a parking lot and striking two vehicles.

Recklessly Endanger Another" in the definition of "Person Class A misdemeanors"). Defendant's two prior convictions count as one prior person felony conviction for sentencing purposes. OAR 213-004-0008.

C.   *Aggravated Assault, OCGA § 16-5-21(a)*

Defendant has a prior conviction for the Georgia offense of aggravated assault, OCGA § 16-5-21(a). The sentencing court agreed with the state that that Georgia offense corresponds to the Oregon offenses of unlawful use of a weapon, menacing, and/or first-degree assault. On appeal, defendant challenges that conclusion, arguing that the Georgia offense does not correspond to any of those Oregon offenses. In response, the state essentially concedes that point but argues that we should nonetheless affirm because the Georgia offense corresponds to the Oregon offense of attempted second-degree assault, ORS 163.175 and ORS 161.405.

We agree with defendant that the Georgia offense does not correspond to any of the three Oregon offenses on which the sentencing court relied. Because the state does not contend otherwise, we need not say more.

As for the state's new argument, the state essentially asks us to affirm on an alternative basis that was not raised to the sentencing court. To do so, we would have to both (1) conclude that the predicate conditions for considering such an argument are met, as described in *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), and (2) choose to exercise our discretion to affirm on a basis raised for the first time on appeal. Under *Outdoor Media Dimensions Inc.*, it "is a matter of prudential discretion and not compulsion" whether to affirm on an alternative basis raised for the first time on appeal. *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010).

Here, the state has neither addressed the *Outdoor Media Dimensions Inc.* conditions, nor explained why we should exercise our discretion. Under the circumstances, we decline to consider the proffered alternative basis to affirm.

*See State v. Jones*, 285 Or App 680, 690-91, 398 P3d 376 (2017) (declining to consider an alternative basis to affirm raised for the first time on appeal, where the respondent failed to address the *Outdoor Media Dimensions Inc.* prerequisites); *Trent v. Connor Enterprises, Inc.*, 300 Or App 165, 170, 452 P3d 1072 (2019) (declining to exercise our discretion under *Outdoor Media Dimensions Inc.*, even assuming that the predicate conditions were met, in part because the respondent did not ask us to exercise our discretion or explain why it was appropriate).

Accordingly, the sentencing court erred in including defendant's prior conviction for the Georgia offense of aggravated assault in his criminal history score.

D.　*Possession of a Firearm During the Commission of a Felony, OCGA § 16-11-106(b)*

Defendant has a prior conviction for the Georgia offense of possession of a firearm during the commission of a felony, OCGA § 16-11-106(b). The sentencing court agreed with the state that that Georgia offense corresponds to the Oregon offenses of unlawful use of a weapon, recklessly endangering another person, and/or menacing. On appeal, defendant challenges that conclusion, arguing that the Georgia offense does not correspond to any Oregon offenses. In response, the state focuses on the Oregon offense of unlawful use of a weapon.

A person commits the Georgia offense of possession of a firearm during the commission of a felony if the person has "on or within arm's reach of his or her person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit" any one of various specified crimes, including "any crime against or involving the person of another." OCGA § 16-11-106(b). Here, according to the Georgia charging instrument and judgment, defendant was convicted of having a firearm in his possession during the commission of an "assault." Under Georgia law, an "assault" may be committed *either* by attempting to commit a violent injury to the person of another *or* by committing an act that places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20(a).

Defendant's charging instrument and judgment do not specify which type of "assault" he committed.

We agree with defendant that the Georgia offense does not correspond to recklessly endangering another person or menacing. Because the state does not contend otherwise, we need not say more.

As for unlawful use of a weapon, as relevant here, a person commits that offense if the person "[a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015." ORS 166.220 (1)(a). Although there are similarities between the Georgia offense of possession of a firearm during the commission of a felony and the Oregon offense of unlawful use of a weapon, we agree with defendant that the elements do not sufficiently match. Given Georgia's definition of "assault," defendant could have committed the Georgia offense at issue by carrying a firearm while committing an act that placed another person in reasonable apprehension of immediately receiving a violent injury, even if defendant did not actually attempt to commit a violent injury to another person. OCGA § 16-5-20(a). By contrast, to commit unlawful use of a weapon, with a firearm, a person must "attempt[] to use" the firearm against another person or "carr[y] or possess[]" the firearm "with intent to use" it against another person. ORS 166.220(1)(a).

Accordingly, the sentencing court erred in including defendant's prior conviction for the Georgia offense of possession of a firearm during the commission of a felony in his criminal history score.

### E.   *Battery, OCGA § 16-5-23.1*

The final Georgia conviction at issue is defendant's putative prior conviction for battery, OCGA § 16-5-23.1, which the sentencing court concluded corresponds to the Oregon offense of fourth-degree assault, ORS 163.160(1), a person Class A misdemeanor, OAR 213-003-0001(15). Defendant challenges the state's proof of the existence of the battery conviction, as well as argues that the elements of the offenses do not match.

Given defendant's two prior convictions for the Georgia offense of first-degree criminal damage to property, which equate to one person felony, an additional person Class A misdemeanor would not have any effect on defendant's criminal history category. *See* OAR 213-004-0007. Defendant concedes that the battery conviction "is essentially a moot issue on appeal." The state agrees, as do we, so we do not address the Georgia battery conviction.

## CONCLUSION

The sentencing court erred in its calculation of defendant's criminal history category. Specifically, it erred when it counted defendant's out-of-state convictions for aggravated assault, OCGA § 16-5-21(a), and possession of a firearm during the commission of a felony, OCGA § 16-11-106(b), neither of which correspond to any of the Oregon offenses identified by the state during sentencing.

Reversed and remanded for resentencing; otherwise affirmed.

**TOOKEY, J.,** specially concurring.

This case presents an important jurisprudential issue as to how this court is to review the work of a lower court. We are asked in this case to review whether the trial court correctly matched the elements of defendant's out-of-state convictions with the elements of an Oregon crime. However, as I explain below, the trial court's determination does not reflect the close element-matching required under OAR 213-004-0011. Moreover, I cannot even say with certainty which elements were being matched in the trial court: that information does not appear anywhere in the record, nor are the elements of the Georgia crimes for which defendant was convicted enumerated in the Georgia indictment and judgment that the state submitted to the trial court.

Yet the approach adopted by the majority essentially requires this court to divine the elements of defendant's Georgia convictions that the trial court supposedly used in determining his criminal history category—apparently by impermissibly drawing inferences from a characterization of defendant's *conduct* underlying his Georgia

convictions, rather than looking to the specific *elements* of those crimes. Such guesswork not only distorts this court's role in the judicial review process, but it also runs counter to our own case law. *See State v. Golden*, 112 Or App 302, 305-07, 829 P2d 88 (1992) (reversing and remanding without conducting element-matching analysis where the state impermissibly relied on a description of the defendant's *conduct* and had not established the *elements* of defendant's out-of-state offense, nor had the state established that such offense matched an Oregon offense); *State v. Torres*, 182 Or App 156, 165, 48 P3d 170, *adh'd to on recons*, 184 Or App 515, 59 P3d 47 (2002) (remanding for resentencing without conducting element-matching analysis where the state had not carried its burden, because it did not establish the elements of defendant's out-of-state offense nor that that offense matched an Oregon offense).

In short, I think our role in reviewing a trial court's decision—in this case, or in cases generally—should not include an attempt to shoulder the state's unmet evidentiary burdens or to carry out the very work that was required of the trial court in the first instance. To do so upsets the institutional equipoise between the work of this court and the work of trial courts.

For those reasons—and the reasons that follow—I respectfully specially concur, and I would review this case as set forth below and remand for resentencing.

\* \* \*

The relevant facts are undisputed. Defendant was convicted of first-degree burglary (Count 7) and first-degree aggravated theft (Count 9) for burglarizing a state-licensed marijuana farm.[1] Before sentencing, the state filed a sentencing memorandum, attaching copies of defendant's criminal records from Georgia case number SU-13-CR-147. Those records showed that defendant had been convicted of the following crimes in Georgia: (1) two counts of first-degree

---

[1] As a result of that same burglary, defendant was also charged with first-degree assault, ORS 163.185 (Count 1); first-degree robbery, ORS 164.415 (Counts 2 and 3); second-degree robbery, ORS 164.405 (Count 4); second-degree assault, ORS 163.175 (Counts 5 and 6); and third-degree assault, ORS 163.165 (Count 8). The jury acquitted defendant of Counts 1 to 6 and 8.

criminal damage to property, (2) one count of aggravated assault, (3) one count of possession of a firearm during the commission of a felony, and (4) one count of possession of a firearm by a first offender probationer.[2]

In its sentencing memorandum, the state opined that "Oregon does not have an exact corollary to Criminal Damage in the First Degree," but asserted that "the charge corresponds to Unlawful Use of a Weapon," and, in a footnote, briefly remarked that "[t]he charge also corresponds to Recklessly Endangering Another Person." The state also asserted in its sentencing memorandum that "[defendant's] aggravated assault charge is equivalent to one or more Oregon person felonies, including Assault in the First Degree and/or Unlawful Use of a Weapon." The state's sentencing memorandum did not mention Oregon's crime of menacing, nor did the state argue that defendant's Georgia convictions for possession of a firearm corresponded with any Oregon offense.

Defendant also filed a sentencing memorandum, arguing that the state had "failed to prove that any of the Georgia convictions have any correlation to Oregon crimes."

At the sentencing hearing, the state asserted that defendant's Georgia conviction for possession of a firearm by a first offender probationer "is unlawful use of a weapon," noting that "[u]nder Oregon law, unlawful use of a weapon is pretty much any carrying [of] a firearm. I don't have the statute directly in front of me, but I think it falls under the elements of unlawful use of a weapon." The state then explained that its memorandum "had *** just a brief footnote regarding *** some of the charges and [the state] said the charges also correspond to recklessly endangering

---

[2] The state's sentencing memorandum also enumerated defendant's Georgia convictions for two counts of possession of marijuana with intent to distribute, one count of possession and use of drug-related objects, and one count of battery. However, in its sentencing memorandum, the state did not contend that defendant's Georgia drug convictions correspond to any Oregon crimes, nor did the state contend at sentencing that those crimes would affect defendant's criminal history category. Furthermore, the record does not show that the trial court's determination of defendant's criminal history category involved defendant's Georgia drug convictions. Additionally, both parties acknowledge that defendant's Georgia battery conviction is not germane to our analysis. Consequently, I would not address defendant's Georgia battery or drug convictions.

another person. And [the state] think[s] they would also correspond to the charge of menacing."

After hearing arguments, the sentencing court explained its decision:

"To me, the * * * argument is kind of academic on * * * whether it's an 8A or an 8B under the sentencing guidelines grid, looking at all of those [Georgia] offenses that were mentioned * * *.

"I believe that they do constitute at least person misdemeanors and that they would constitute either shooting recklessly, endangering, or menacing.

"* * * * *

"I believe that there's three person felonies for sure there * * *. * * *

"So at this point, I'm going to sentence you as an 8A."

On appeal, defendant argues that "defendant's prior Georgia offenses, correctly compared * * * to current Oregon crimes, do not suffice to place defendant in criminal history category A." The state responds that "the court correctly calculated defendant's criminal history score because some of the defendant's Georgia convictions qualify as person felonies or Class A person misdemeanors under Oregon law."

We review a trial court's classification of prior convictions for criminal history purposes for errors of law. ORS 138.105(7), (8)(c)(A); *State v. Provencio,* 153 Or App 90, 94, 955 P2d 774 (1998) (citing *former* ORS 138.222(4)(b) (1997), *repealed by* Or Laws 2017, ch 529, § 26).

A prior out-of-state conviction may be counted toward an offender's criminal history category "if the elements of the offense would have constituted an offense under Oregon law," OAR 213-004-0011(3), which the state must prove by a preponderance of the evidence, ORS 137.079(5)(c); *Torres*, 182 Or App at 163, 165. That conviction-counting scheme requires "close element matching." *State v. Carlton*, 361 Or 29, 41, 388 P3d 1093 (2017) (referring to text of OAR 213-004-0011, among other examples, and observing that, "when the legislature and the Criminal Justice Commission

intend to create a conviction-counting scheme that requires close element matching, they use a variety of words," such as "the elements would constitute"). "[C]lose element matching requires a[n out-of-state] offense to have 'elements that are the same as or nearly the same as the elements of' the Oregon crime to which it is compared." *State v. Guzman*, 366 Or 18, 37, 455 P3d 485 (2019) (emphasis omitted) (quoting *Carlton*, 361 Or at 43). The state may use an accusatory instrument or judgment to "show the elements of defendant's [out-of-state] conviction," *Golden*, 112 Or App at 306, but the state may not use the defendant's conduct underlying that out-of-state conviction, *see id.* ("Had the drafters [of the sentencing guidelines] intended conduct to be considered, they could have drafted a rule that was not limited only to consideration of the elements of an offense.").[3]

In this case, I would conclude that the trial court erred when it counted defendant's Georgia convictions to make its criminal history determination. The way that the trial court made its criminal history determination was opaque and does not reflect the close element-matching required under OAR 213-004-0011. I cannot discern from the record which Georgia convictions the trial court relied on to make that determination, much less why it thought that the elements closely matched the elements of any Oregon offenses. Indeed, I highlight the fact that the state

---

[3] The state cites *State v. Yarbor*, 133 Or App 360, 363-65, 891 P2d 703, *rev den*, 321 Or 513 (1995), for the proposition that, if another state's statute "could be violated without necessarily violating the Oregon statute," then "the state must establish that a defendant's out-of-state conviction does in fact match the elements of the Oregon offense by reference to the facts alleged in the accusatory instrument and confirmed in the judgment." In *Yarbor* we said, "We agree with the state that comparing the factual elements of the offense alleged in the indictment with Oregon statutes was not tantamount to relitigating the facts underlying the conviction," though we also noted that, "if it was error to consider the factual elements, that error was harmless." *Id.* at 364-65.

Our decision in *Yarbor* does not help the state, because—as I conclude in this concurrence—the state did not demonstrate how defendant's criminal record shows that his Georgia convictions had elements that are the same as or nearly the same as the elements of the Oregon crime to which it was compared. *Cf. Golden*, 112 Or App at 306 (noting that, "to establish the elements of the conviction, the state presented only a *characterization* in the PSI of the facts of the Pennsylvania case" and then concluding that this "*characterization* could not prove which of the multiple and alternative elements of the Pennsylvania statute that defendant violated" (emphases added)).

acknowledged at oral argument that "the [trial] court didn't really *** elaborate or walk through the elements or anything like that."

To the extent that the trial court based its criminal history determination on the evidence and arguments presented by the state, that evidence and argument also does not indicate which Georgia convictions the trial court relied on to make its determination or why the trial court thought the elements closely matched the elements of an Oregon offense. Although the state did produce records of defendant's prior Georgia convictions, it did not provide arguments—either in its sentencing memorandum or at the sentencing hearing—that articulated how those records show that the elements of those Georgia convictions are the same as or nearly the same as the elements of an Oregon crime.

In sum, given the trial court's ruling and the evidence and argument presented by the state, the close element matching required by OAR 213-004-0011 was not undertaken in the trial court. I would therefore conclude that the trial court erred when it counted defendant's Georgia convictions to determine defendant's criminal history category. Because defendant's sentence for Count 7 was based, in part, on that criminal history category, I would reverse and remand for resentencing.

For the foregoing reason, I respectfully specially concur.