Submitted November 24, 2020, reversed and remanded October 6, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TESSA RENAE JONES,
aka Tess Renae Jones,
*Defendant-Appellant.*

Clackamas County Circuit Court
16CR79136; A170343

499 P3d 111

Defendant appeals a judgment of conviction for one count each of unlawful possession of oxycodone and identity theft, arguing that the trial court erred by denying her motion to suppress evidence that was obtained as a result of her unlawful seizure. Defendant contends that the trial court erred in admitting evidence related to drug activity and identity theft discovered inside her purse, as well as additional drug-related evidence found in the car in which she had been a passenger, because (1) she and her purse were unlawfully seized when an officer required her to return the purse to the car before permitting her to go; and (2) the driver of the car lacked authority to grant consent to a search of her purse. The state concedes that the trial court committed reversible error as to the search of defendant's purse, but argues that suppression was not warranted as to additional drug-related evidence that was lawfully within the scope of the driver's consent to search, and that the court correctly denied that aspect of defendant's motion on that basis. *Held*: Under *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 20 P3d 180 (2001), this court's decision whether to uphold a trial court's decision on an alternative basis is discretionary, even if the requirements of that case are met. *See State v. Shields*, 309 Or App 516, 482 P3d 784 (2021). On the record before it, the Court of Appeals chose not to exercise its discretion to uphold the decision, due, in part, to uncertainty whether a different record could have developed. Accordingly, the court concluded that the trial court had erred in not granting defendant's suppression motion in its entirety.

Reversed and remanded.

Robert D. Herndon, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Reversed and remanded.

**DeHOOG, J.**

Defendant appeals a judgment of conviction for one count each of unlawful possession of oxycodone and identity theft, arguing that the trial court erred by denying her motion to suppress evidence that was obtained as a result of her unlawful seizure. Having reviewed the briefing, the relevant portions of the record, and the applicable law, we reverse and remand for the reasons briefly set forth below. In doing so, we note that a more detailed discussion of the facts and our analysis in this particular case would not significantly benefit the bench, the bar, or the public.

In defendant's sole assignment of error, she contends that the trial court erred in admitting evidence related to drug activity and identity theft discovered inside her purse, as well as additional drug-related evidence found in the car in which she had been a passenger, because (1) she and her purse were unlawfully seized when an officer required her to return the purse to the car before permitting her to go; and (2) the driver of the car lacked authority to grant consent to a search of her purse. In response, the state concedes that the trial court committed reversible error in ruling that defendant and her purse had not unlawfully been seized and that the driver's lawful consent to search the vehicle included the purse. We accept the state's concession and conclude that any evidence obtained as a result of the search of the purse, including any statements attributed to defendant following that search, should have been suppressed.

That conclusion does not wholly resolve this appeal. Notwithstanding its concession that the trial court erred, the state now argues that suppression was not warranted as to additional drug evidence that was either (1) lawfully within the scope of the driver's consent to search; or (2) obtained following defendant's arrest based, in part, on that additional evidence. We briefly consider that argument.

Citing *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), the state argues that we should uphold the trial court's denial of those aspects of defendant's motion to suppress because the court's ruling was "right for the wrong reason." Specifically, the state contends that the discovery of the additional drug

evidence was sufficiently attenuated from the illegal seizure of defendant and her purse. The state acknowledges that it must carry the burden of proof as to "attenuation—that is, that the violation of defendant's rights had such a tenuous factual link to the disputed evidence that the unlawful police conduct cannot be properly viewed as the source of that evidence." *State v. Benning*, 273 Or App 183, 194, 359 P3d 357 (2015). The state argues, however, that the record satisfies that burden. The state notes that the driver provided valid consent to search the car and argues that the evidence lawfully found in the ensuing search—that is, the evidence other than that found in defendant's purse—was sufficient to establish probable cause to arrest defendant. In other words, the state argues that the discovery of the additional evidence was not the result of the officer's exploitation of the prior illegality.[1]

    In discussing whether to uphold a trial court's ruling on the basis that it was "right for the wrong reason," we have explained that,

> "[f]or us to affirm a trial court's ruling on a basis other than that on which the court relied, (1) 'the facts of record [must] be sufficient to support the alternative basis for affirmance'; (2) 'the trial court's ruling [must] be consistent with the view of the evidence under the alternative basis for affirmance'; and (3) 'the record [must] materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below.'"

*State v. Booth*, 272 Or App 192, 199, 355 P3d 181 (2015) (quoting *Outdoor Media Dimensions Inc.*, 331 Or at 659-60 (brackets in *Booth*)). Here, the state contends that those criteria are met. As to the third criterion—that the record be materially the same as it would have been had the state made an attenuation argument in the trial court—the

---

[1] Although the record indicates that officers found methamphetamine and related paraphernalia in the car in addition to the evidence found in defendant's purse, the state does not indicate what if any evidence they discovered after defendant's arrest. Rather, the state merely argues that, to the extent such evidence exists, it was not subject to suppression as it would inevitably have been discovered. In light of our disposition, it is not necessary to determine whether such evidence exists or, if it does, whether its discovery would have been inevitable even if defendant and her purse had not illegally been seized.

state points out that *defendant* asserted in her suppression motion that the consent search was not sufficiently attenuated from the illegal seizure of defendant and her purse. The state reasons that, had defendant had additional evidence as to the issue of attenuation, she likely would have presented it at the suppression hearing and did not. Thus, the state concludes, there is no reason to believe that the record would have been materially different if it had been the state, rather than defendant, who raised the attenuation issue in the trial court.

We acknowledge the superficial appeal of the state's reasoning, particularly because *we* cannot think of ways in which the record may have developed differently, and defendant has provided no assistance by way of a reply brief or otherwise. Nonetheless, we decline to consider the state's proffered alternative basis. As we recently confirmed, the decision whether to uphold a trial court's decision on an alternative basis, even when the requirements of *Outdoor Media Dimensions Inc.* are met, is a discretionary one. *State v. Shields*, 309 Or App 516, 526, 482 P3d 784 (2021) ("Under *Outdoor Media Dimensions Inc.*, it 'is a matter of prudential discretion and not compulsion' whether to affirm on an alternative basis raised for the first time on appeal. *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010).").

Here, although the *record* may not have developed differently had the state argued attenuation in the trial court, it is impossible to say whether the officers would have associated the drugs and related paraphernalia in the car with defendant had they not also seized and found drug-related evidence in her purse. That uncertainty might be viewed as an indication that the state's attenuation argument is not airtight; alternatively, it may suggest that there was, in fact, a potential line of inquiry that could have led to the development of a different record, despite our uncertainty as to how that might look. We need not choose which view is most appropriate here. It should suffice to say that those potential uncertainties persuade us that this is not a case in which to exercise our discretion to consider the state's "right for the wrong reason" argument raised on appeal.

Accordingly, we conclude that the trial court erred in not granting defendant's suppression motion in its entirety.

Reversed and remanded.