Submitted April 29; remanded for resentencing, otherwise affirmed
June 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN PAUL RENFRO,
*Defendant-Appellant.*

Washington County Circuit Court
20CR07414; A173832

511 P3d 451

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for one count of driving under the influence of intoxicants (DUII), ORS 813.010 (2019)[1] (Count 1), and one count of reckless driving, ORS 811.140 (Count 2). On appeal, defendant challenges the use of a prior conviction under California Vehicle Code (Cal. Veh. Code) section 23152(b) to permanently revoke defendant's driving privileges under ORS 809.235, arguing that the California conviction was not a statutory counterpart. We agree with defendant and, accordingly, remand for resentencing.

ORS 809.235(1)(b)(A) requires a court to order the permanent revocation of a defendant's driving privileges upon conviction of DUII if the defendant has two prior convictions for DUII under ORS 813.010 or its "statutory counterpart" in another state. Another state's statute is a statutory counterpart if its elements are the same or nearly the same as the elements of the Oregon statute to which it is compared. *State v. Guzman/Heckler*, 366 Or 18, 35, 455 P3d 485 (2019).

Cal. Veh. Code section 23152(b) creates a rebuttable presumption that a person commits DUII if they have a blood-alcohol content over .08 percent within three hours of driving. ORS 813.010 (2019), in contrast, provides that a person commits DUII if they drive a vehicle while having a blood-alcohol content of over 0.08 percent. In light of that difference, the state concedes on appeal that Cal. Veh. Code

---

[1] In 2021, the legislature amended ORS 813.010(1), creating a new subsection (d) that provides,

"A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"* * * * *

"(d) [w]ithin two hours after driving a vehicle, and without consuming alcohol in the intervening time period, has 0.08 percent or more by weight of alcohol in the blood of the person, as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150."

Or Laws 2021, ch 480, § 1; ORS 813.010(1)(d).

That amendment does not apply in this case because defendant both committed the crime and was sentenced before the amendment took effect on July 14, 2021. *See* Or Laws 2021, ch 480, § 6. Accordingly, all of our references to ORS 813.010 in this opinion are to the 2019 version of the statute.

section 23152(b) is not a statutory counterpart for purposes of ORS 813.010 (2019), and we accept the concession.

The state argues that, despite the concession of error, we should nevertheless affirm the judgment on an alternative basis that was not raised in the trial court. "To do so, we would have to both (1) conclude that the predicate conditions for considering such an argument are met, as described in *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), and (2) choose to exercise our discretion to affirm on a basis raised for the first time on appeal." *State v. Shields*, 309 Or App 516, 526, 482 P3d 784 (2021). Here, the state has neither addressed the *Outdoor Media Dimensions Inc.* conditions, nor made any argument as to why, if the conditions are met, we should exercise our discretion. On that basis alone, we decline to consider the proffered alternative basis to affirm. *Id.* at 526-27 (doing same). Moreover, it appears that the record may have developed differently had the issue been raised in the trial court, which would preclude our considering it in any event. *See Outdoor Media Dimensions Inc.*, 331 Or at 659-60 (requiring that the record must be materially the same as what would have developed had the alternative basis been raised below). We recently rejected a similar argument in *State v. Nelson*, 318 Or App 230, 231-32, 505 P3d 1105 (2022).

Remanded for resentencing; otherwise affirmed.